WEINHAGEN, Respondent, vs. HAYES and others, Appellants.

*November 10—December 5, 1922.*

*Appeal: Mandate directing accounting: Equitable counterclaim: Recovery of attorney fees: Expense in preserving property: Costs: Actions at law: Equitable defenses.*

1. Where defendants in an action on contract filed a counterclaim asking for a rescission and an accounting because of fraud, and on appeal this court remanded the cause and directed a rescission and an accounting, defendants secured the relief for which they asked and to which they would have been entitled if the findings of the trial court had been in accordance with the determination of this court, and the mandate did not convert the accounting into an action for damages.

2. The mandate of this court directing that the parties be placed *in statu quo* did not require the payment to defendants of attorneys' fees for which they necessarily became liable in the defense of the action and in the prosecution of their counterclaim.

3. Generally, costs and expenses of litigation, other than the usual and ordinary court costs, are not recoverable in an action for damages nor in a subsequent action; but where the wrongful acts of defendant have so involved plaintiff in litigation with others as to make it necessary to incur expense to protect his interests, such costs and expenses should be treated as the legal consequences of the original wrongful act.

4. In an action at law on contract, although an equitable counterclaim was interposed, defendants could recover only such costs and fees as are provided by secs. 2918–2921, 2927, 2928, Stats., for actions at law.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

This case was before this court on a former appeal, the decision being reported in 174 Wis. 233 (178 N. W. 780, 183 N. W. 162, 187 N. W. 756), the judgment of the circuit court for Milwaukee county was reversed, and the cause was remanded with directions to the circuit court to make an accounting between the parties and that thereupon judg-

ment should be entered for the amount found due, and that judgment should also provide for the rescission and cancellation of the contract in suit. Upon a *remittitur* being filed, proceedings were had and recovery was allowed in favor of the defendants to the amount of $5,392.19. Upon the accounting, one of the items claimed by the defendants was for $20,500, a liability incurred for attorneys' fees by the defendants in the prosecution of their defense to the action begun by the plaintiff and in the assertion of the claim of the defendants as set forth in their counterclaim. The circuit court disallowed defendants' claim in this respect, .and from the final judgment the defendants *Hayes, Carrow,* and the representatives of Eugene McFall appeal.

For the appellants there was a brief by *Beaumont, Smith & Harris,* attorneys, and *Hal H. Smith, Melville C. Mason,* and *Henry C. Walters,* of counsel, all of Detroit, and oral argument by *Hal H. Smith.*

For the respondent there was a brief by *John H. Paul* and *Glicksman, Gold & Corrigan,* all of Milwaukee, and oral argument by *Nathan Glicksman.*

ROSENBERRY, J. The sole question presented by this appeal is whether or not the appellants are entitled to recover upon the accounting the amount of the liabilities incurred by them for attorneys' fees in defending the action begun by the plaintiff and in asserting the cause of action set out in their counterclaim, which resulted in a judgment canceling and rescinding the contract upon which the plaintiff sued, for the reason that it was tainted by fraud. In this respect the appellants make two principal claims: first, that they are entitled to it upon general legal principles; and second, that they are entitled to it under the specific direction of this court upon the former appeal.

It is claimed that the accounting directed by this court by its mandate on the former appeal is equivalent to a separate action for damages. This position of the defend-

ants is untenable.  By the mandate of this court upon the reversal of the first judgment the defendants secured the relief for which they asked in their counterclaim and to which they would have been entitled by the first judgment rendered if the finding of the trial court had been in accordance with the determination made by this court.  The mere fact that the defendants were required to appeal to this court to sustain their contention upon their counterclaim and were successful in no way alters the cause of action set out in the counterclaim of the defendants and upon which they finally recovered judgment.  An action for rescission and accounting is not two actions—it is one.

It is the further claim of the appellants that, the mandate having directed that the parties be placed *in statu quo,* the appellants cannot be placed *in statu quo* until they are permitted to recover the amount of the attorney fees for which they necessarily became liable in the defense of the action begun by the plaintiff and in the prosecution of their counterclaim.  In all actions begun and prosecuted for the cancellation and rescission of a contract upon the ground of fraud, it is one of the conditions of relief that the parties be placed *in statu quo.*  It is the contention of the appealing defendants that in such cases recovery of attorney fees is allowed.  They cite, as sustaining their contention, *First Nat. Bank v. Williams,* 62 Kan. 431, 63 Pac. 744; *Collen v. Wright,* 7 El. & Bl. 301; *Godwin v. Francis,* L. R. 5 Com. Pl. 295; *Randell v. Trimen,* 18 Com. Bench, 786; *Spedding v. Nevell,* L. R. 4 Com. Pl. 212; *Bennett v. Gibbons,* 55 Conn. 450, 12 Atl. 99; *Roberts v. Heim,* 27 Ala. 678, 683, and other cases.

An analysis of these cases discloses the fact that they are mainly of two classes: first, those in which punitory or exemplary damages may be allowed and in which class of cases some courts, particularly those of Connecticut, hold that a jury may take into consideration plaintiff's expenses in the suit; or second, those in which the complain-

ing party has been, through the fraud of the opposite party, involved in litigation and in the prosecution thereof has incurred liability for attorneys' fees in actions other than the one in which recovery is sought. The correct rule is stated in *McGaw v. Acker, Merrall & Condit Co.* 111 Md. 153, 73 Atl. 731:

"The general rule is that costs and expenses of litigation, other than the usual and ordinary court costs, are not recoverable in an action for damages, nor are such costs even recoverable in a subsequent action; but, where the wrongful acts of the defendant have involved the plaintiff in litigation with others, or placed him in such relation with others as to make it necessary to incur expense to protect his interest, such costs and expense should be treated as the legal consequences of the original wrongful act."

In this very case this rule was correctly applied by the trial court. In order to protect the interest of the parties in the property which was the subject of the controversy, the appealing defendants were required to and did expend certain amounts for expenses of litigation, including attorney fees. These amounts the trial court correctly allowed in the accounting and the appealing defendants had judgment therefor.

By the statutes of Wisconsin, secs. 2918, 2919, 2920, 2921, 2927, and 2928, provision is made for the allowance and taxation of costs and fees in actions in the circuit court. It is provided by sub. (7), sec. 2918, ". . . but in all equitable actions and special proceedings costs may be allowed or not to any party, in whole or in part, in the discretion of the court." Sub. (1), sec. 2921, ". . . that in actions at law on contract the costs, exclusive of disbursements, shall not in any one case exceed twenty-five dollars. . . . "

This was an action at law, and although an equitable counterclaim was interposed it must be held that the defendants can recover only such costs and fees in this action as

are provided by law.   *Baker v. Becker*, 153 Wis. 369, 141 N. W. 304.

The amount recoverable as attorney fees is fixed by statute and no greater sum can be recovered for liability incurred for attorneys' fees in the prosecution or defense of this action.   This is in accord with the great weight of authority in other jurisdictions.   *Garner, Neville & Co. v. Leverett,* 32 Ala. 410, 414; *Williamson v. Williamson,* 1 Met. (Ky.) 303; *Salmina v. Juri,* 96 Cal. 418, 31 Pac. 365; *Patterson v. Northern Trust Co.* 286 Ill. 564, 122 N. E. 55; 7 Ruling Case Law, 781; 15 Corp. Jur. 20, and cases cited.

To hold otherwise would be to open the door to oppression and extortion, to penalize persons who appeal to the courts to adjudicate their differences.   It would not be in accord with sound public policy.   The temptation to institute litigation for the purpose of recovering from the opposite party generous fees would be very great and no doubt lead to great abuses.   *Stringfield v. Hirsch,* 94 Tenn. 425, 29 S. W. 609; *Joplin Gas Co. v. Joplin,* 182 Mo. App. 422, 167 S. W. 660.

*By the Court.*—Judgment affirmed.