Edward M. MEAS, Sr. and Noreen L. Meas, his
wife, Plaintiffs,

v.

Thomas G. YOUNG, Peter G. Bushman, James S.
Gabrielsen and James F. Fox, Defendants-
Third-Party Plaintiffs-Appellants,

Edward CECHVALA and Marcella Cechvala,
Third-Party Defendants-Respondents.

Court of Appeals

*No. 86–1835. Orally Argued September 8, 1987.—Decided
October 23, 1987.*

(Also reported in 417 N.W.2d 55.)

95

For the defendants-third-party plaintiffs-appellants, there were briefs by *Thomas Terwilliger* and *Jeffrey J. Strande* and oral argument by *Thomas Terwilliger* of *Terwilliger, Wakeen, Piehler & Conway, S.C.,* of Wausau.

For the third-party defendants-respondents, there was a brief and oral argument by *Robert Rusch* of *Rusch & Rusch Law Office, S.C.,* of Medford.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   This is an appeal from an amended judgment awarding attorney fees to Edward and Marcella Cechvala based on the wrongful acts of their realtors. We conclude that the attorney fees necessarily incurred in the Cechvalas' defense of these wrongful acts are properly allowable under the facts of this case. That portion of the judgment is affirmed. However, because the trial court did not confine its award to only those attorney fees arising from the defense of the initial litigation, we reverse and remand the cause for a redetermination of recoverable attorney fees.

The Cechvalas are an elderly rural couple with eighth grade educations who desired to sell their farm. They had never hired a realtor or broker, nor sold a parcel of real estate prior to entering into a standard form listing contract with Young, Bushman, Gabrielsen and Fox (the realtors). The realtors located the Meases. The Meases directly negotiated two price reductions with the Cechvalas but, after a third attempt to reduce the price, the Cechvalas developed a mistrust in the Meases and indicated to the realtors that they did not want to have any future dealings or problems concerning the Meases. In order to salvage the deal, the realtors proposed to buy the farm from the Cechvalas and negotiate the sale to the Meases themselves.

The Cechvalas, as agreed, sold their farm to the realtors. Several days later, the realtors attempted to close their sale of the farm to the Meases. At the closing, the Meases' attorney insisted that the deed contain an express acreage warranty. The realtors discussed the situation and determined that the only method by which they would supply such a statement on their deed would be if a similar clause were inserted in the deed from the Cechvalas to themselves so that they would be able to expressly hold the Cechvalas responsible.

The realtors telephoned the Cechvalas and, in a one-minute conversation, indicated to Mrs. Cechvala that the Meases were insisting that the deed contain the language "containing 123 acres." The realtors asked Mrs. Cechvala if "she had any problems with that?" Mrs. Cechvala answered, "No." The realtors did not explain the significance of this language to Mrs. Cechvala in terms of a guarantee or warranty. Nor did the realtors advise Mrs. Cechvala that this

might be a matter about which she would wish to consult with an attorney. After this conversation with Mrs. Cechvala, the realtors inserted "containing 123 acres" into the deeds from the Cechvalas to the realtors and from the realtors to the Meases. The deeds as originally drafted contained no expression of acreage following the description of the land. The Meases then agreed to buy the farm.

Later, the Meases sued the realtors for rescission and monetary damages, claiming that the land consisted of only 108, not 123 acres. They further alleged intentional misrepresentations concerning the well, water, roof, cleanliness and other problems with the house. One year after commencement of the suit, the realtors impleaded the Cechvalas for indemnification and contribution. The Cechvalas counterclaimed, seeking dismissal of the realtors' third-party complaint, as well as actual attorney fees pursuant to *Weinhagen v. Hayes,* 179 Wis. 62, 65, 190 N.W. 1002, 1003 (1922), and the Wisconsin Consumer Act, chs. 421 to 428, Stats.

At the conclusion of the Meases' case, the trial court dismissed the Meases' claim for monetary damages based on a failure of proof. After the realtors' case, the trial court also granted a motion to dismiss the rescission action brought by the Meases.[1] The realtors and the Cechvalas then stipulated that the matter of attorney fees would be tried without a jury on the basis of the evidence already received, an additional deposition, and legal memoranda.

---

[1]The Meases appealed this dismissal, and in *Meas v. Young,* 138 Wis. 2d 89, 405 N.W.2d 697 (Ct. App. 1987), we remanded the case for retrial on the issue of rescission.

The trial court ruled in favor of the Cechvalas, finding the realtors, as the Cechvalas' brokers, had seriously breached numerous duties that resulted in the Cechvalas being drawn into the Meas litigation. The court further determined that the Cechvalas were innocent of any wrongdoing. The trial court awarded the Cechvalas attorney fees pursuant to both Weinhagen and the Wisconsin Consumer Act. From this decision and an amended judgment, the realtors appeal.

■

We first consider whether the attorney fees were properly allowed under the *Weinhagen* rule. Whether the *Weinhagen* rule is applicable is a mixed question of fact and law. We uphold the factual findings of the trial court unless clearly erroneous. The conclusion of law on the facts is independently reviewed. *See Department of Revenue v. Exxon Corp.,* 90 Wis. 2d 700, 713, 281 N.W.2d 94, 101 (1979), *aff'd,* 447 U.S. 207 (1980).

■

As a general proposition, attorney fees are not allowable unless a statute or an agreement of the parties provides otherwise. *Baker v. Northwestern Nat'l Cas. Co.,* 26 Wis. 2d 306, 318, 132 N.W.2d 493, 500 (1965). A judicially created equitable exception to this "American rule," on which the Cechvalas ground their claim for recovery, was recognized in Wisconsin in *Weinhagen,* 179 Wis. at 65, 190 N.W. at 1003.[2] As formulated by the *Weinhagen* court, the correct rule is as follows:

---

[2]*Accord* 22 Am. Jur. 2d *Damages,* sec. 166 at 235 (1965); 25 C.J.S. *Damages,* sec. 50e at 787–89 (1966); Restatement (Second) of Torts, sec. 914 (1982).

> The general rule is that costs and expenses of litigation, other than the usual and ordinary court costs, are not recoverable in an action for damages, nor are such costs even recoverable in a subsequent action; *but, where the wrongful acts of the defendant have involved the plaintiff in litigation with others, or placed him in such relation with others as to make it necessary to incur expense to protect his interest, such costs and expense should be treated as the legal consequences of the original wrongful act.*

*Id.* (emphasis supplied).

■

The initial question is whether the realtors engaged in wrongful acts. The trial court's findings specifically provide numerous examples of wrongful conduct on the part of the realtors. For example, the realtors took advantage of the lack of sophistication and understanding of the Cechvalas for their own financial benefit. The realtors sought a warranty from the Cechvalas that would in effect hold the realtors harmless, despite knowing that the inexperienced Cechvalas were expressing a mere opinion based only on tax receipts and a plat book. The realtors further failed to fully advise the Cechvalas concerning all aspects of the transaction between the realtors and the Meases, particularly the significance of the Meases' demand for a warranty of acreage. In this way, the realtors breached their fiduciary duty to the Cechvalas. *See Hilboldt v. Wisconsin Real Estate Brokers' Bd.,* 28 Wis. 2d 474, 485–86, 137 N.W.2d 482, 487–88 (1965).

■

Additionally, the realtors failed to independently verify numerous representations made by them to the

Meases, including the warranty of 123 acres. The realtors failed to ascertain the proper acreage despite knowing the Cechvalas had limited knowledge regarding real estate transactions. They also failed to ask the Cechvalas basic questions regarding other representations the realtors made to the Meases. The realtors thus negligently breached their duty to independently verify or discover adverse material facts that a reasonably competent and diligent investigation would have disclosed. Wis. Admin. Code, sec. RL 24.07 (1987); *see also Stevenson v. Barwineck,* 8 Wis. 2d 557, 564, 99 N.W.2d 690, 694 (1959).

Nevertheless, the realtors insist they engaged in no wrongful acts. We reject the realtors' argument that the dismissal of the Meas action established the absence of wrongful acts on their part. It is not dispositive for our purposes whether the realtors engaged in wrongful acts as to the Meases. The trial court's findings of fact clearly reveal numerous wrongful acts as to the Cechvalas. These findings are not clearly erroneous. *See* sec. 805.17(2), Stats.

We also reject the realtors' contention that the trial court erroneously made findings of fact which the parties never had the opportunity to argue. The realtors stipulated that the attorney fees matter would be tried to the court on the basis of all the evidence already adduced at the Meas trial, together with legal memoranda. The realtors cannot now be heard to complain that they had no opportunity to try their case. The trial court necessarily drew findings of fact and conclusions of law from the agreed upon evidence. *Id.* Our review of the record discloses ample support for the trial court's findings of fact.

The next question concerns whether the realtors' wrongful acts involved the Cechvalas in litigation with others, or placed them in such relation with others so as to make it necessary to incur expenses to protect their interests. The realtors principally argue that attorney fees are proper only when litigation involves the wronged party directly with a third party. The realtors suggest that because the present litigation does not involve the Cechvalas directly with the Meases, *Weinhagen* is inapplicable.

We disagree. Significantly, *Weinhagen* does not require the Cechvalas to be involved in litigation directly with the Meases. Although the facts of *Weinhagen* involved a lawsuit directly with a third party, the reasoning supporting the doctrine applies to the present facts. Here, the Cechvalas were defending their interests in a suit initiated by the Meases that was the sole result of the realtors' wrongful conduct. The realtors were in reality third parties whose misconduct caused the subsequent litigation. The realtors should not be relieved of liability merely because they became a conduit through which any liability between the Meases and the Cechvalas would flow. By virtue of the realtors' wrongful acts, the Cechvalas were placed in a relation with the Meases such that they were required to expend a considerable amount of money protecting their interests. Thus, the reasoning of *Weinhagen* is satisfied.

The realtors next argue that under *Weinhagen,* there must be a prior litigation before attorney fees are recoverable. According to the realtors, the Cechvalas' counterclaim is not seeking attorney fees resulting from prior litigation, but rather is seeking fees

from the same case. We are not persuaded. The mere fact that the attorney fees were incurred in the same action rather than in a prior one may not preclude a party from recovering in every case. *See Prentice v. North Amer. Title Guar. Corp.,* 381 P.2d 645, 647 (Cal. 1963); *see also* 25 C.J.S., *supra,* at 789.

We acknowledge that *Baker,* 26 Wis. 2d at 319–20, 132 N.W.2d at 501, contains language perhaps suggesting that only attorney fees incurred in a prior action are allowable. However, we feel the better language is that expressed in *Hilgendorf v. Schuman,* 232 Wis. 625, 629, 288 N.W. 184, 186 (1939), *quoted with approval in Baker,* 26 Wis. 2d at 318–19, 132 N.W.2d at 500, to the effect that: "If plaintiff incurred such expenditures and costs in *collateral litigation* as a necessary and proximate result of the deceit, they are recoverable as part of the damages sustained by him." (Emphasis supplied.) Indeed, to deprive the Cechvalas of their attorney fees merely because they brought one lawsuit instead of two would be contrary to modern joinder rules, the purpose of which is to encourage the adjudication of the rights and claims of all parties in one proceeding. *See, e.g., M.F. Roach Co. v. Town of Provincetown,* 247 N.E.2d 377, 378 (Mass. 1969); *Wells v. Aetna Ins. Co.,* 376 P.2d 644, 645 (Wash. 1962). Accordingly, we conclude that the wrongful acts of the realtors placed the Cechvalas in such a relation with the Meases so as to make it necessary to incur expenses to protect their interests.

Finally, we recognize that the *Weinhagen* rule was not meant to be applied in every case in which the wrongdoer's actions cause another to be placed in such a relation with a third party as to make it necessary to incur expenses to protect their interests. Obviously, if

applied broadly, this equitable exception would swallow up the traditional rule that each party must pay for its own attorney fees. We therefore explicitly limit our holding to the exceptional circumstances of this case.

As established by the trial court, the realtors directly breached their fiduciary duty by taking advantage of the lack of sophistication and understanding of the Cechvalas for their own financial benefit. The realtors engaged in these wrongful acts despite knowing the Cechvalas were expressing mere opinions. The realtors further breached their duty of special care to the Cechvalas by failing to advise the unsophisticated Cechvalas concerning all aspects of the transaction between the realtors and the Meases. The realtors knew, or should have known, that the Cechvalas were innocent of wrongful acts. Regardless, the realtors wrongfully devised a scheme attempting to hold the Cechvalas responsible for the realtors' acts, and placed the Cechvalas in a relationship with the Meases for the realtors' sole benefit. For this, the Cechvalas are entitled to attorney fees.

Of course, they can be allowed only those attorney fees incurred in protecting their interests caused by the failures of the realtors. The expenses incurred in prosecuting the suit against the realtors are provided by statute. *Weinhagen,* 179 Wis. at 65–66, 190 N.W. at 1003; *see also Donnelly v. Young,* 471 S.W.2d 888, 897 (Tex. Civ. App. 1971). To illustrate, the attorney fees that the Cechvalas incurred defending their interests in what we might treat as the "prior" Meas litigation are recoverable. However, *Weinhagen* disallows the recovery of attorney fees expended in the "separate"

proceeding against the realtors to actually recover those fees incurred in the "prior" litigation. It appears from the record that the trial court did not confine its award to those attorney fees arising from the "prior" litigation. We therefore remand the cause for a determination of the portion of the attorney fees attributable to the Cechvalas' defense of their interests, brought about by the Meas litigation.

Having determined that certain attorney fees are proper under the *Weinhagen* rule, we now turn to the issue of whether all the attorney fees are properly allowable under the Wisconsin Consumer Act. Because we characterize the transaction as the sale of the Cechvala real estate to the realtors, the $25,000 limitation on transactions covered by the Consumer Act defeats the claim in this regard. Section 421.202(6), Stats. Accordingly, we reverse that part of the judgment awarding fees under the Wisconsin Consumer Act.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded. Costs are awarded to the Cechvalas.