### In the Matter of MILWAUKEE CHEESE COMPANY, INC., Debtor.

**L. William MARSH, as Trustee of Milwaukee Cheese Company, Inc., and Milwaukee Cheese Wisconsin, Inc., f/k/a and d/b/a Milwaukee Cheese Company, Plaintiff,**

v.

**RELIANCE STANDARD LIFE INSURANCE COMPANY, Defendant/Third–Party Plaintiff,**

v.

**Thomas KORB, Individually and as Trustee for Milwaukee Cheese Company, Inc., Third–Party Defendant.**

Bankruptcy No. 86–00131.
Adv. No. 88–0291.

United States Bankruptcy Court,
E.D. Wisconsin.

May 30, 1991.

David V. Jennings, III, Milwaukee, Wis., for plaintiff.

Frank S. Guarrieri and Gilbert J. Golding, Morrisville, Pa., for defendant, third-party plaintiff.

R. Arthur Ludwig, Milwaukee, Wis., for third-party defendant.

## MEMORANDUM DECISION

C.N. CLEVERT, Chief Judge.

Reliance Standard Life Insurance Company (Reliance) filed an amended third-party complaint against Thomas Korb (Korb), individually, and as the former Chapter 11 trustee for Milwaukee Cheese Company, Inc., (MCCI) alleging that Korb negligently and fraudulently misrepresented his authority to Reliance in surrendering two life insurance policies owned by Milwaukee Cheese Wisconsin, Inc., (MCWI). It further asserts that Korb's conduct was malicious and constituted intentional interference with the insurance contracts. Lastly,

Reliance states that it reasonably relied on the alleged misrepresentations and as a result should be awarded actual damages of $66,388.96, punitive damages, costs, attorney's fees, indemnification and contribution for any recovery awarded either plaintiff.

Korb is asking this court to grant him summary judgment dismissing the complaint. He argues that MCWI has tendered to Reliance the cash surrender value of the policies and that Reliance has suffered no harm. Moreover, he argues that the complaint does not state a claim upon which relief can be granted.

## FACTS

In their pleadings and the October 11, 1988, joint pre-trial report, the parties have agreed to the following facts.

On August 4, 1969, Reliance issued two "key man" life insurance policies (policies) on the life of Robert H. Zwicky (Zwicky) with a face amount totalling $1,000,000. Reliance's records, at all times, listed Milwaukee Cheese Company as the owner and beneficiary.

In 1977, Milwaukee Cheese Company was acquired by Interstate Food Corporation, Inc., and changed its name to Milwaukee Cheese Wisconsin, Inc., in 1979. Interstate became Milwaukee Cheese Company, Inc.

An involuntary petition was filed against MCWI under Chapter 7 of the Bankruptcy Code and converted to Chapter 11 on December 6, 1985. MCCI filed a voluntary petition under Chapter 11 on January 13, 1986, and Korb was appointed trustee.

On September 29, 1986, and October 1, 1986, Reliance delivered to Korb two checks totalling $66,388.96 representing the cash surrender value of the policies. Korb endorsed the checks as trustee for Milwaukee Cheese Company, Inc., and deposited them with Bank One of Waukesha.

In December, 1986, Korb resigned as trustee and L. William Marsh (Marsh) was appointed successor trustee. After Zwicky's death on December 13, 1986,

Marsh filed a complaint against Reliance seeking reinstatement of the policies and actual damages alleging that Korb was not authorized to surrender the policies and that Reliance breached its contract with MCWI by cancelling the policies and paying their cash surrender value.

## DISCUSSION

Bankruptcy Rule 7056 fully incorporates Fed.R.Civ.P. 56 making it applicable to all bankruptcy adversary proceedings. Under this rule, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

To determine whether a factual dispute exists, a court must view the evidence in a light most favorable to the non-moving party. *Collins v. American Optometric Asso.*, 693 F.2d 636, 639 (7th Cir.1982). Furthermore, the party opposing the motion may not rest upon mere allegations or denials of the moving party's pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed.R. Civ.P. 56(e). A court, however is " 'not required to evaluate every conceivable inference which can be drawn from evidentiary matter, but only reasonable ones.' " *P.H. Glatfelter Co. v. Voith, Inc.*, 784 F.2d 770, 774 (7th Cir.1986). Where no factual disputes are present or where the undisputed facts show that one party is entitled to judgment as a matter of law, summary judgment in favor of that party is appropriate. *Collins*, 693 F.2d at 639.

Reliance opposes the granting of summary judgment stating, *inter alia*, that the affidavit of R. Arthur Ludwig, attorney for Korb, cannot be considered because Attorney Ludwig failed to aver personal knowledge or competency to testify to the actions of MCWI. Although the court agrees that Ludwig's affidavit is insufficient, that does not preclude summary judgment.

■ Fed.R.Civ.P. 56(e) states that supporting affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." However, the court can take judicial notice of records in the underlying adversary proceeding. *See Berge v. Sweet (In re Berge)*, 37 B.R. 705, 708 (Bkrtcy.W. D.Wis.1983) (The record in an adversary proceeding in bankruptcy presumes and in large measure relies upon the file in the underlying case.).

## COUNTS I AND III

Counts I and III of the amended third-party complaint seek recovery of $66,- 388.96 plus interest, costs, attorneys fees and punitive damages based on Korb's alleged fraud and negligent misrepresentation of his authority as trustee to surrender the policies on Zwicky's life issued by Reliance. Although Ludwig's affidavit is insufficient, it is clearly supported by the record, of which this court takes judicial notice.

The memorandum and exhibits filed by Milwaukee Cheese Wisconsin, Inc., on July 10, 1989, show that Reliance was given notice that on May 16, 1989, the $66,388.96 it is seeking from Korb was deposited in an interest bearing account at Bank One and that such amount was being tendered to Reliance. *See* NOTICE OF DEPOSIT, TENDER OF RETURN OF CASH SUR- RENDER PROCEEDS AND DEMAND FOR DEATH BENEFITS. They also show that this court approved on December 5, 1988, the release and assignment of MCCI's claims against Reliance to MCWI, including relinquishment of MCCI's claim to the cash surrender value of the policies at issue. Reliance acknowledged on July 7, 1989, that it received MCWI's NOTICE OF TENDER but said that it was inadequate and had not been approved by the court. *See* RESPONSE OF RELIANCE STAN- DARD LIFE INSURANCE COMPANY TO THE MOTION OF BANK ONE, WAUKE- SHA AND THOMAS KORB FOR JUDG- MENT ON THE PLEADING at 3–4. On August 30, 1989, this court issued an order dismissing Bank One as a third-party de-

fendant and finding that Reliance shall be entitled to a setoff or credit of $66,388.96 against any amount the court may determine is owed by Reliance to plaintiff Milwaukee Cheese Wisconsin, Inc.

In view of the above, it is clear that Korb has not wrongfully retained and Reliance has not lost the $66,388.96. Moreover, MCCI's interest in this action is merely nominal in as much as its claim has been assigned to MCWI. It follows that Reliance is not in jeopardy of MCCI or MCWI, individually, seeking from Reliance more than may be found due to MCWI under the insurance policies and that Reliance does not have a claim against Korb for return of the funds.

■ As for Reliance's claim for pre-judgment interest, the court also finds that dismissal is warranted. Reliance's interpretation of *Wyandotte Chemicals Corporation v. Royal Electric Mfg. Co.*, 66 Wis.2d 577, 225 N.W.2d 648 (1975), is inaccurate. Reliance contends in its brief that "[u]nder Wisconsin law, pre-judgment interest in a tort action may be recovered as an element of compensatory damage where the amount claimed is readily determinable, even where the defendant justifiably denies liability." Brief of May 12, 1990. But, *Wyandotte* stated

> this court has not adopted the compensation theory of pre-judgment interest recovery without qualification. That is, the claim for pre-judgment interest does not spring automatically from the wrong giving rise to the original injury, but rather finds some of its roots in a subsequent and *unjustified withholding of liquidated or liquidable damages....* Thus it has been said that when pre-judgment interest is recoverable, it is to be considered an item of compensatory damages, not a separate penalty.

*Id.* at 590, 225 N.W.2d at 655 (emphasis added). Given this court's earlier determination that Korb has not wrongfully retained the cash surrender values and that compensatory damages are not recoverable, it follows, based on *Wyandotte*, that Reliance is not entitled to pre-judgment interest for the tort claims asserted in Counts I and III.

■ The absence of compensatory damages also requires dismissal of Reliance's claim for punitive damages in Count I for fraudulent misrepresentation. To establish a claim for intentional fraud, Reliance must allege and prove that Korb made a false representation of fact; that the statement was made with intent to deceive and to induce Reliance to act upon it; that Korb either knew that the statement was false or made the statement with reckless disregard for its truth or falsity; and that Reliance reasonably and detrimentally relied upon the representation. *Glatfelter*, 784 F.2d at 774. Here the court has already found that Reliance was tendered the cash surrender value of the policies. Thus, even if Korb fraudulently misrepresented his authority in surrendering the policies, Reliance has not sustained damages necessary to establish detrimental reliance and entitlement to a monetary award for Count I.

■ This finding likewise precludes a punitive damage award based on Korb's alleged fraudulent misrepresentation. Punitive damages do not constitute a cause of action but rather are in the nature of a remedy. *Brown v. Maxey*, 124 Wis.2d 426, 431, 369 N.W.2d 677 (1985). As the Wisconsin Supreme Court recounted in *Fahrenberg v. Tengel*, 96 Wis.2d 211, 222, 291 N.W.2d 516 (1980) "punitive damages are not allowed for all torts...." They are awarded to punish wrongdoing and *may be* awarded where a fraudulent representation is made but are never available as a matter of right. *Jeffers v. Nysse*, 98 Wis.2d 543, 553, 297 N.W.2d 495 (1980).

■ Nevertheless, actual damage is essential and must have been suffered before an award of punitive damages can be given. *Widemshek v. Fale*, 17 Wis.2d 337, 340, 117 N.W.2d 275 (1962). Hence, notwithstanding the ongoing factual disputes in this case, Reliance's inability to prove damages entitles Korb to summary judgment on the issue of punitive damages.

Reliance next argues that they are entitled to attorney's fees because Korb's conduct caused it to be involved in this litigation. In *Alyeska Pipeline Service Co. v. Wilderness Soc'y*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), the Supreme Court reaffirmed the "American Rule" regarding legal expenses and held that in most cases, absent statute or enforceable contract, litigants must bear their own costs including attorney's fees. Reliance bases its claim for recovery of costs and attorney's fees on the *Weinhagen* rule, a "judicially created equitable exception to the 'American Rule'," *Meas v. Young*, 142 Wis.2d 95, 101, 417 N.W.2d 55 (1987), that Wisconsin courts may apply in their discretion. *Weinhagen v. Hayes*, 179 Wis. 62, 65, 190 N.W. 1002 (1922).

This exception to the "American Rule" applies where fraudulent conduct by the defendant causes the plaintiff to become involved in litigation with another to protect his interest. Because Counts I and III do not encompass actionable fraud, the *Weinhagen* rule is inapposite. *Meas v. Young* does not alter this; its holding is limited to the exceptional facts of that case. Hence, this court finds that Reliance is not entitled to costs or attorney's fees.

### COUNTS II AND IV

Korb seeks dismissal of Counts II and IV for failure to state a claim for which relief may be granted. Both counts request recovery in the amount of any award the plaintiffs obtain from Reliance plus costs and attorney's fees. Upon close examination, it is readily apparent that the Amended Third–Party Complaint is asking for contribution from Korb or that Korb be ordered to indemnify Reliance for any amount of money it may be required to pay to the plaintiffs pursuant to an insurance contract it agreed to honor.

The doctrines of contribution and indemnification are equitable principles applied when distributing a loss among persons liable for the same harm. *Swanigan v. State Farm Ins. Co.*, 99 Wis.2d 179, 196, 299 N.W.2d 234 (1980). Both principles are based on liability incurred by tort. Indem-

nification shifts the loss from one person who has been compelled to pay to another who should bear the loss. *Id.* Contribution is a sharing of the loss between joint tortfeasors having a common liability to the injured party when one has paid an unjust portion. *Bielski v. Schulze*, 16 Wis.2d 1, 7, 114 N.W.2d 105, 108 (1962). Clearly, neither contribution nor indemnification is available to a party seeking to avoid a contractual obligation.

Reliance's brief in opposition to summary judgment states that Korb

> blindly contends ... that Reliance has suffered no damage for which Korb was the cause. Such a contention ignores the essential factual issue raised by Counts II and IV, which is: Did Korb's actions cause Reliance to be liable for an amount which Reliance would not otherwise be liable: that is: is Reliance obligated to pay death benefits? [sic]

*See* Brief at 11. This court believes Reliance is misconstruing its potential liability. The complaint against Reliance essentially asks that Reliance be required to pay according to the terms of the insurance policies it issued on the life of Zwicky. The plaintiffs reiterate this in their MEMORANDUM IN SUPPORT OF THIRD–PARTY DEFENDANT KORB'S MOTION FOR SUMMARY JUDGMENT. They state,

> [t]he relief sought is for reinstatement of two (2) 'key man' life insurance policies surrendered post-petition without authority and for payment of the policy death benefits.... Plaintiffs herein are seeking reinstatement of the subject policies effective as of the date purportedly surrendered by Korb in order to place the parties, including Reliance, in the same position in which they were at such time as a result of the mutual mistake of Korb and Reliance.

*See* Brief at 1 and 5.

Common sense requires a finding that Korb was not a party to the original insurance policies and that he has no contractual liability if they are reinstated and enforced. Hence, this court concludes that Reliance has not made a threshold showing in its amended third-party complaint of a right to

contribution or indemnification. Moreover, equity does not require that Korb be required to pay any part of what Reliance voluntarily bound itself to pay in the event of Zwicky's death. *See Swanigan,* 99 Wis.2d at 196, 299 N.W.2d 234.

## COUNT V

■ Count V of the Amended Third–Party Complaint asserts that Korb's surrender of the policies on behalf of MCCI constitutes intentional interference with two insurance contracts between Reliance and MCWI resulting in loss to Reliance of premium payments. Wisconsin courts have adopted the *Restatement (Second) of Torts* section 766[1] and a showing of damage prior to recovery in an action against the person inducing the breach. *See Liebe v. City Finance Company,* 98 Wis.2d 10, 295 N.W.2d 16 (1980); *Charolais Breeding Ranches v. FPC Securities,* 90 Wis.2d 97, 279 N.W.2d 493 (1979).

On June 9, 1989, MCWI tendered to Reliance all earned premium amounts due on the two life insurance policies. *See* NOTICE OF DEPOSIT, TENDER OF RETURN OF CASH SURRENDER PROCEEDS AND DEMAND FOR DEATH BENEFITS. Therefore, Reliance does not have a meritorious claim against Korb for loss of premium payments.

■ Lastly, Reliance asserts that Korb's conduct damaged its reputation and goodwill. While it appears that Reliance may thereby be alleging defamation, examination of Reliance's brief in opposition to summary judgment negates that possibility. *See* brief at 12–13.

In Count V, Reliance does not allege facts encompassing the elements necessary to prove defamation.[2] Conspicuously absent is an allegation that a defamatory statement was made by Korb and communicated to someone other than Reliance. *Voit v. Madison Newspapers, Inc.,* 116 Wis.2d 217, 222, 341 N.W.2d 693 (1984); *Stoll,* 122 Wis.2d at 577, 362 N.W.2d 182. Indeed, the complaint does not attribute to Korb or anyone a communication about Reliance. Consequently, Count V must be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons stated, which constitute this court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052, summary judgment shall be entered in favor of Thomas Korb, individually and as Trustee for Milwaukee Cheese Company, Inc., and the amended third-party complaint of Reliance shall be dismissed with prejudice.

---

**1.** Restatement (Second) (1979)
   § 766. Intentional Interference with Performance of Contract by Third Person
   One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other *for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.* (emphasis added)

**2.** In order to sustain a defamation claim, a plaintiff must prove "(1) a false statement; (2) communicated by speech, conduct or in writing to a person other than the person defamed, and (3) the communication is unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her." Wis—Civil 2500 (1984). *Stoll v. Andriansen,* 122 Wis.2d 503, 517, 362 N.W.2d 182 (1984).