HAGEDORN, J.
*173 ¶ 1 The third-party litigation exception to the American Rule allows a plaintiff to recover attorney fees incurred in third-party litigation *174 caused by a wrongful act of the defendant. The question in this case is whether a breach of contract leading to third-party litigation is a wrongful act. We hold that a breach of contract can be a wrongful act under the third-party litigation exception to the American Rule. The attorneys' fees in this case are rightly considered part of the damages flowing from the defendants' breach of contract, and are therefore recoverable. We reverse the circuit court's holding to the contrary.
BACKGROUND
¶ 2 The relevant facts are undisputed. Talmer Bank and Trust held a mortgage on real property owned by Thomas and Deborah Jacobsen in the Town of Lyons. Felimon and Teresa Gomez wanted to purchase commercial property to operate their business, so in 2006, they entered into a land contract with the Jacobsens for the Town of Lyons' property. Pursuant to the land contract, the Gomezes made monthly payments to the Jacobsens and continued to operate their business on the property.[1] The Jacobsens, however, while pocketing these payments, failed to make fifteen separate payments on the mortgage between 2012 and 2015. The Gomezes were unaware of these delinquent payments.
¶ 3 Talmer Bank initiated a foreclosure action against both the Jacobsens and the Gomezes. The Jacobsens did not answer Talmer Bank's foreclosure action, and the circuit court granted a default judgment against them. The Gomezes did answer the complaint; they also filed a cross-claim against the *175 codefendants, the Jacobsens. The cross-claim alleged that the Jacobsens breached the land contract by failing to make the mortgage payments to Talmer Bank and alleged that this breach of contract forced the Gomezes to hire counsel "to preserve their equitable interests as vendees to the subject property." Accordingly, the Gomezes sought as damages reasonable attorneys' fees incurred in defending the foreclosure action.
¶ 4 In the underlying litigation, Talmer Bank moved for summary judgment against the Gomezes. After a contested summary judgment hearing, the circuit court withheld making a decision and continued the hearing to a later date. Talmer Bank and the Gomezes eventually settled *498 the claim, and the Gomezes retained title to the property.
¶ 5 The Gomezes' cross-claim against the Jacobsens, however, remained to be adjudicated, and the Jacobsens moved for summary judgment. In their brief in support, the Jacobsens conceded that they "defaulted on the terms of the mortgage note by failure to make payments as required under the terms of the note and mortgage to Talmer Bank resulting in the commencement of this foreclosure action." The Jacobsens further conceded the contract with the Gomezes required that the Talmer Bank "mortgage payments be made" and the failure to make those payments was a breach of their contract with the Gomezes. However, the Jacobsens argued that pursuant to the American Rule-which dictates that parties generally may not recover attorney fees-the Gomezes could not recover attorneys' fees as damages. For their part, the Gomezes maintained that an award of attorneys' fees was proper under the third-party litigation exception *176 to the American Rule and requested that the circuit court grant summary judgment in their favor.
¶ 6 The circuit court sided with the Jacobsens. Resting on the Wisconsin Supreme Court's decision in Estate of Kriefall v. Sizzler USA Franchise, Inc. , 2012 WI 70, 342 Wis. 2d 29, 816 N.W.2d 853, the circuit court held that the Jacobsens' breach of the land contract was not a wrongful act and therefore the third-party litigation exception did not apply. While the circuit court recognized that Kriefall "does not expressly limit the wrongful act in the [third-party litigation] exception to a showing of fraud or breach of fiduciary duty," the circuit court declined to apply the exception to a breach of contract. Accordingly, the circuit court granted the Jacobsens' motion for summary judgment and denied the Gomezes' motion. Because the Gomezes' cross-claim did not allege any additional damages besides attorneys' fees, the circuit court confirmed that "the litigation is over." The Gomezes appeal this ruling.
DISCUSSION
¶ 7 It is undisputed that the Jacobsens breached the land contract with the Gomezes, and this breach resulted in the Gomezes being sued in the foreclosure action, thus incurring attorneys' fees defending the suit. The main issue, then, is whether this breach of contract was a wrongful act that could entitle the Gomezes to attorneys' fees under the third-party litigation exception. Consistent with the circuit court's decision, the Jacobsens rely on Kriefall and argue that a wrongful act is limited to fraud, breach of fiduciary duty, or something similar. Simple breach of contract, *177 the Jacobsens maintain, is not a wrongful act under the third-party litigation exception; something more is required. Whether a party is entitled to attorney fees under an undisputed fact scenario is a question of law we review de novo. See id. , ¶ 16.
¶ 8 Wisconsin follows the American Rule for attorney fees which provides that "parties to litigation typically are responsible for their own attorney fees" unless a statute or contract provides otherwise. Id. , ¶ 72. However, consistent with many states,[2] Wisconsin has adopted a "narrow exception" to this rule-often referred to as the third-party litigation exception-when a party is "wrongfully drawn into litigation with a third party." Id. , ¶¶ 72-73.
The general rule is that costs and expenses of litigation, other than the usual *499 and ordinary court costs, are not recoverable in an action for damages, nor are such costs even recoverable in a subsequent action; but, where the wrongful acts of the defendant have involved the plaintiff in litigation with others, or placed him in such relation with others as to make it necessary to incur expense to protect his interest, such costs and expense should be treated as the legal consequences of the original wrongful act.
Weinhagen v. Hayes , 179 Wis. 62, 65, 190 N.W. 1002 (1922) (citation omitted).[3] In such cases, the attorney fees are rightly regarded as "an item of damage flowing *178 from the present defendant's wrongful act." 22 AM. JUR. 2 D Damages § 450 (2017) ; see also City of Cedarburg Light & Water Comm'n v. Glens Falls Ins. Co. , 42 Wis. 2d 120, 126, 166 N.W.2d 165 (1969) (explaining that attorney fees in third-party litigation may be recovered as an element of damages).
¶ 9 The exception requires the following two elements be met:
(1) the party from whom fees are sought must have committed a wrongful act against the party seeking attorney fees; and (2) the commission of such wrongful act forced the party seeking fees into litigation with a third party, or required the party seeking attorney fees to incur expenses protecting that party's interests against claims arising from the wrongful act.
Kriefall , 342 Wis. 2d 29, ¶ 74, 816 N.W.2d 853.
¶ 10 Our analysis chiefly concerns the first element of a wrongful act.[4] Contrary to the circuit court's holding, the third-party litigation exception is not *179 limited to fraud, breach of fiduciary duty, or something similar. Our supreme court has unequivocally declared that "a breach of contract as well as tort may be a basis for allowing [a] plaintiff to recover reasonable third-party litigation expenses." Cedarburg , 42 Wis. 2d at 126, 166 N.W.2d 165.
¶ 11 In Cedarburg , the plaintiff alleged that its insurers breached provisions in the respective insurance contracts by denying liability for fire damage to the plaintiff's power-generating equipment. Id. at 121-22, 166 N.W.2d 165. As a result, the plaintiff was forced to sue, and it obtained judgments against the parties responsible for the damage. Id. The plaintiff then brought a claim against its insurers seeking to recover litigation expenses as damages under the third-party litigation exception. Id. Although there were disputed issues of fact precluding summary judgment, the supreme court affirmed that the plaintiff could recover if it proved that its insurers breached the respective insurance contracts. Id. at 126, 166 N.W.2d 165.
*500 ¶ 12 Quoting the RESTATEMENT ( FIRST ) OF CONTRACTS § 334 ( AM. LAW INST. 1932), as an "appropriate" statement of the third-party litigation exception with regard to breaches of contract, the court explained the exception as follows:
If a breach of contract is the cause of litigation between the plaintiff and third parties that the defendant had reason to foresee when the contract was made, the plaintiff's reasonable expenditures in such litigation are included in estimating his damages.
Cedarburg , 42 Wis. 2d at 125, 166 N.W.2d 165. The court further quoted, and adopted, a well-known treatise on contract law:
*180 Among the losses suffered by a plaintiff because of the defendant's breach of contract may be the expenses of litigation. Such expenses are losses suffered by reason of the defendant's breach.... They are affirmatively subtracted from the plaintiff's wealth.... If the plaintiff can show that the defendant's breach of contract has caused litigation involving the plaintiff in the payment of counsel fees, court costs, and the amount of a judgment, and shows further that such expenditure is reasonable in amount and could not have been avoided by him by reasonable and prudent effort, he can recover damages against the defendant measured by the amount of these expenditures. The rule just stated does not deal with the cost of litigation with the defendant himself.
Cedarburg , 42 Wis. 2d at 125, 166 N.W.2d 165 (quoting 5 ARTHUR LINTON CORBIN, CONTRACTS § 1037 (1964) ).[5]
¶ 13 This holding-that a breach of contract is a wrongful act that can be grounds for seeking attorney fees under the third-party litigation rule-has been affirmed by Wisconsin courts in recent cases. See Kriefall , 342 Wis. 2d 29, ¶ 78, 816 N.W.2d 853 (explaining that "attorney fees incurred in third-party litigation may be recovered where they arise from the defendant's breach of contract or wrongful act that caused the *181 plaintiff to be sued by a third-party"); McConley v. T.C. Visions, Inc. , 2016 WI App 74, ¶ 9 n.5, 371 Wis. 2d 658, 885 N.W.2d 816 (noting that Cedarburg "recognize[d] that if a breach of contract is the cause of litigation between the plaintiff and third parties that the defendant had reason to foresee when the contract was made, the plaintiff's reasonable expenditures in such litigation are part of his damages for the breach"). It is not, as the Jacobsens insist, merely "dicta" from "decades old" cases.
¶ 14 The RESTATEMENT (SECOND) OF CONTRACTS § 351 cmt. c ( AM. LAW INST. 1981), reiterates the rule established in the RESTATEMENT ( FIRST ) OF CONTRACTS § 334 ( AM. LAW INST . 1932), and cited in Cedarburg :
Sometimes a breach of contract results in claims by third persons against the injured party. The party in breach is liable for the amount of any judgment against the injured party together with his reasonable expenditures in the litigation, *501 if the party in breach had reason to foresee such expenditures as the probable result of his breach at the time he made the contract.
RESTATEMENT ( FIRST ) OF CONTRACTS § 334 ( AM. LAW INST . 1932).[6] Thus, where a breach of contract draws a plaintiff into litigation with a third party, those expenses-including attorney fees-are viewed as part of the recoverable damages. American Jurisprudence similarly explains that a plaintiff may recover attorney fees incurred because he or she has been involved "in a legal dispute either because of a breach of contract by *182 the defendant or because of the defendant's tortious conduct." 22 AM. JUR. 2D Damages § 453 (2017) (emphasis added; footnotes omitted). This general principle appears to be well accepted in other jurisdictions as well. See, e.g ., Versatile Housewares & Gardening Sys., Inc. v. Thill Logistics, Inc. , 819 F.Supp.2d 230, 244 (S.D.N.Y. 2011) (attorney fees allowed where claimant was involved "in prior litigation against third parties caused by a wrongful act, including a breach of contract, of the defendant" (emphasis omitted) ); Uyemura v. Wick , 57 Haw. 102, 551 P.2d 171, 176 (1976) (breach of contract is a wrongful act); Bank One, Nat'l Ass'n v. Surber , 899 N.E.2d 693, 707 (Ind. Ct. App. 2009) (explaining that attorney fees may be awarded as damages where "the plaintiff became involved in a legal dispute [with a third party] because of the defendant's breach of contract or other wrongful act"); Verhagen v. Platt , 1 N.J. 85, 61 A.2d 892, 895 (1948) (citing RESTATEMENT ( FIRST ) OF CONTRACTS § 334 ( AM. LAW INST. 1932) ).
¶ 15 Our supreme court's decision in Kriefall does not differ with these principles. The claim for attorney's fees in Kriefall was primarily based on a tort as the requisite wrongful act, not a breach of contract. Kriefall , 342 Wis. 2d 29, ¶ 79, 816 N.W.2d 853. Our supreme court clarified that where a tort is the alleged wrongful act, the third-party litigation exception "demands more than an allegation of mere negligence that has involved a party in litigation; instead, 'wrongfulness' requires something similar to fraud or breach of fiduciary duty." Id. , ¶ 76. Nothing in Kriefall modifies or withdraws binding language from Cedarburg and other cases that breach of contract leading to forced litigation with a third party is sufficient to trigger application of the rule. In fact, Kriefall explicitly stated it was not limiting the third-party litigation exception *183 to fraud or breach of fiduciary duty. Kriefall , 342 Wis. 2d 29, ¶ 77, 816 N.W.2d 853. Nothing in the decision implied that "mere" breach of contract cannot be a wrongful act.
¶ 16 The Jacobsens complain that allowing "the recovery of attorney's fees every time a contract is breached would allow the exception to swallow the rule," and they urge us not to "expand Wisconsin's limited exception." The Jacobsens misunderstand the exception. First, applying the exception where a breach of contract causes a party to be involved in third-party litigation is a well-recognized, even commonsense, application of the rule; it is not an extension as the Jacobsens claim.[7] Second, *502 applying the exception to breach of contract will not allow attorney fees to be recovered in every breach of contract action, only in cases where a party's breach of contract forced another party into litigation with a third party . This is a limited exception narrowly tailored to those situations where, as here, attorney fees are rightly considered part of the damages flowing from the defendant's breach of contract.
¶ 17 For these reasons, we reverse the circuit court's grant of summary judgment and remand for further proceedings consistent with this opinion.
By the Court. -Judgment reversed and cause remanded.

The original 2006 land contract was signed by Thomas alone. However, the Gomezes signed an extension of the land contract in 2011 which was signed by both Thomas and Deborah.

See 22 22 Am. Jur. 2 d Damages § 450 n.1 (2017) (collecting cases).

Our courts have also referred to this exception as "the Weinhagen exception" due to its adoption in Weinhagen v. Hayes , 179 Wis. 62, 190 N.W. 1002 (1922). See, e.g. , Estate of Kriefall v. Sizzler USA Franchise, Inc. , 2012 WI 70, ¶ 75, 342 Wis. 2d 29, 816 N.W.2d 853. Other jurisdictions sometimes refer to it as the "collateral litigation rule." See, e.g. , Hess Constr. Co. v. Board of Educ. , 102 Md.App. 736, 651 A.2d 446, 449 (Md. Ct. Spec. App. 1995).

Despite the Jacobsens' admission that they breached the contract by failing to pay the mortgage leading to a foreclosure action being brought against the Gomezes, they nonetheless insist that the Gomezes were not "forced" into litigation with a third party as a result of the Jacobsens' breach of contract. However, Talmer Bank, a third party, sued both the Jacobsens and the Gomezes as a result of the Jacobsens' failure to pay the mortgage, which required the Gomezes to defend or risk a default judgment and lose the property they had been making payments on. The idea that the Gomezes' participation in this litigation was somehow optional and unnecessary is a nonstarter.

The court adopted this rule with the clarification that "it is necessary to determine that the defendants had reasonable notice of the object and pendency of the third party action and an opportunity to decide whether to join." City of Cedarburg Light & Water Comm'n v. Glens Falls Ins. Co. , 42 Wis. 2d 120, 125, 166 N.W.2d 165 (1969). This qualification appears to be consistent with the current Restatement ( Second ) of Contracts § 351 cmt. c ( Am. Law Inst. 1981), which clarifies that the third-party litigation exception only applies "if the party in breach had reason to foresee such expenditures as the probable result of his breach at the time he made the contract." The Jacobsens raise no argument along these lines.

A similar rule appears in the Restatement ( Second ) of Torts § 914 ( Am. Law Inst. 1979), which further illustrates that either a breach of contract or a tort may form the basis of an award of attorney fees.

Interestingly, the Cedarburg case on which we rely is also cited numerous times in the Wisconsin reports for the notion that Wisconsin follows the American Rule absent limited exceptions (one exception being the third-party litigation exception). See, e.g ., Watkins v. LIRC , 117 Wis. 2d 753, 758, 345 N.W.2d 482 (1984).