Richard JAMES, Plaintiff-Appellant,

v.

AETNA LIFE & CASUALTY COMPANY,
Defendant-Respondent.†

Court of Appeals

*No. 81–1988. Submitted on briefs August 2, 1982.—
Decided September 10, 1982.*
(Also reported in 326 N.W.2d 114.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Marjan R. Kmiec Law Offices* by *Marjan R. Kmiec* and *Richard A. Sachs, Jr.,* of Milwaukee.

For the defendant-respondent the cause was submitted on the brief of *Borgelt, Powell, Peterson & Frauen, S.C.,* by *Thomas L. Smallwood* and *W. Ted Tornehl.*

Before Decker, C.J., Moser, P.J., and Wedemeyer, J.

MOSER, P.J. This is an appeal from a summary judgment in favor of Aetna Life and Casualty Company (Aetna) dismissing the complaint of Richard James (James). We affirm.

James filed a worker's compensation application with the Department of Industry, Labor and Human Relations alleging a work-related back injury on or about April 5, 1979. He claimed that the injury occurred while he was throwing a concrete block onto scaffolding which was approximately six feet high.

On May 12, 1980, James filed his first circuit court complaint against Aetna alleging that they had acted in bad faith in discontinuing his benefits. This complaint alleged the following four "rights of action:" (1) bad faith causing injury; (2) intentional conduct causing emotional distress and economic loss; (3) fraud and misrepresentation by Aetna in denying benefits; and (4) outrageous conduct by Aetna causing injury and loss. James sought $500,000 in compensatory damages and $5,000,000 in punitive damages. On July 17, 1980, a hearing was held before an examiner on James' worker's compensation application, but no findings or conclusions were made. Following this hearing, the circuit court action was settled. A stipulation and order for dismissal was entered in the trial court on September 24, 1980.

The terms of the settlement of the circuit court action were as follows: (1) James and his attorney received $11,772; (2) Aetna was to pay all James' outstanding medical bills; (3) the worker's compensation claim was held open; and (4) all bad faith claims and other claims relating to the April 5, 1979, incident were to be dismissed on the merits. These terms were enunciated in the release executed by James and his wife.

Following the dismissal of the circuit court action, Aetna paid all the outstanding medical bills and also paid $3,588 in temporary total disability benefits to James.

After December 26, 1980, Aetna refused to pay any more temporary total disability benefits. This refusal was based on a report of Dr. Jon Rupsis dated November 26, 1980, which concluded that Dr. Rupsis was "unable to assign any permanent partial disability as a result of this injury" and that he was also "unable to understand why this patient [James] is incapable of working." Dr. Rupsis' report was contrary to the reports of James' then-attending physician, Dr. Gerald L. Harned. Dr. Harned, in a May 5, 1980, report, concluded that James was in need of vocational rehabilitation and in a February 16, 1981, report, concluded that James' condition was permanent.

On March 6, 1981, James commenced a new circuit court action against Aetna, alleging the same four "rights of action" made in the settled case, but based on facts occurring after the settlement. Following its answer to this complaint, Aetna moved for summary judgment, which was granted by the trial court in a decision entered September 11, 1981. After reviewing the pleadings, the motion for summary judgment and the affidavits and counteraffidavits, the trial court rendered the following decision:

## DECISION

Plaintiff contends defendant, since the 1980 compromise, has been guilty of bad faith in purposefully failing to carry out its terms with respect to: (1) payment of bills; (2) payment of temporary total disability; (3) furnishing vocational rehabilitations. This has given rise to a new cause of action.

The Court believes summary judgment should be granted because:

1. All bills have been paid as provided by the release.

2. Defendant never agreed to pay temporary total disability indefinitely. It did pay until advised by a physician that plaintiff no longer suffered from disability. This raised an issue between plaintiff's and defendant's

respective physicians for resolution in a proper proceeding under Ch. 102, Stats.

3. Defendant never agreed to furnish vocational rehabilitation. Its physician indicates none is needed. Again this raises an issue for the Commission. No issue or conflicting inference of fact is presented.

As the Court views this matter, plaintiff has a right granted by law and honored in the release to air these matters before the Commission. *Coleman v. American Universal Ins. Co.*, 86 Wis. 2d 615, does not apply because there is nothing arbitrary about defendant's refusal to continue temporary total disability payments or to provide rehabilitation training in view of its physician's opinion. Plaintiff accepted and received the benefits of a settlement in which both parties left open the door to these denied benefits by way of a Ch. 102, Stats. proceeding.

This decision was reduced to a judgment entered in the trial court on October 1, 1981. James appeals from this judgment.

The sole issue on appeal is whether the trial court erred in granting summary judgment to Aetna.

Both parties to this appeal have extensively briefed subsidiary issues concerning whether the release and stipulation and order for dismissal of the first circuit court action was an accord and satisfaction, whether James was estopped from bringing a new action because of this settlement, and whether the release foreclosed James from bringing this new action. We disagree with this analysis of the trial court's decision. Although the decision discusses these issues, nowhere in it does the trial court grant summary judgment on the basis of accord and satisfaction, estoppel, or foreclosure of a new action because of a release of future liability.

The trial court merely granted summary judgment because Aetna had paid all bills pursuant to the release, contrary to James' assertions; Aetna never agreed in the release to pay temporary total disability indefinitely; Aetna's refusal to pay this disability, being based on Dr.

Rupsis' report, presented an issue of fact between the parties to be resolved at the ch. 102 worker's compensation proceeding; and, Aetna never agreed to furnish vocational rehabilitation. The trial court concluded that Aetna's refusal to continue disability benefits and to provide vocational rehabilitation, in view of Dr. Rupsis' report, was not arbitrary[1] because the release provided that these issues could be settled at the worker's compensation proceeding.

Summary judgment is to be granted only where there are no material facts in issue between the parties. This procedure is not a substitute for a trial of any genuine issue of material fact, but permits a decision based on affidavits, records and depositions. The movant must demonstrate to the trial court that there is no triable issue of material fact on any issue presented. Any reasonable doubt as to the existence of any genuine issue of material fact must be resolved against the movant. However, if the trial court is satisfied that there is no genuine issue of material fact as a matter of law, then it should enter judgment.[2] On review of a summary judgment, this court must independently determine whether there are any genuine issues of material fact in dispute to see if the trial court clearly abused its discretion.[3]

After reviewing the pleadings, the affidavits and attached records supporting the summary judgment motion, we come to the same conclusions as the trial court did:

[1] *Coleman v. American Universal Ins. Co.*, 86 Wis. 2d 615, 620, 273 N.W.2d 220, 221 (1979). (The supreme court held that if a worker's compensation carrier arbitrarily withheld payment of compensation benefits in bad faith, a separate tort of bad faith may be alleged and proved in the courts).

[2] *Heck & Paetow Claim Serv. v. Heck*, 93 Wis. 2d 349, 355–56, 286 N.W.2d 831, 834 (1980).

[3] *Hiltpold v. T-Shirts Plus*, 98 Wis. 2d 711, 716, 298 N.W.2d 217, 219 (Ct. App. 1980).

(1) all the medical bills tendered to Aetna in the record have been paid by Aetna before the commencement of this action;

(2) nowhere in the stipulation dismissing the previous action or in the release subsequently signed by James did Aetna agree to pay temporary total disability indefinitely; and

(3) nowhere in the stipulation dismissing the previous action or in the James release did Aetna agree to provide vocational rehabilitation treatment.

The release specifically states that all claims James has under the worker's compensation act are to remain open. Therefore, the trial court was correct in concluding that the issues regarding the disability benefits and vocational rehabilitation would be dealt with at the worker's compensation proceeding. Accordingly, no issue of material fact existed as to these claims.

James' second circuit court action alleged that Aetna acted in bad faith when it refused to continue disability benefits and to provide vocational rehabilitation. Bad faith is an intentional tort which is the result of a breach of duty imposed as a consequence of the relationship. The insurance company's duty is analogous to that of a fiduciary.[4] Bad faith against an insurer is available only where a plaintiff has shown the absence of a reasonable basis for denying benefits of the policy and the insurer's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim.[5] The insurer is, however, entitled to challenge the claim when the claim is fairly debatable, whether the debate concerns a matter of fact or law. Whether a claim is fairly debatable involves the question of whether the facts necessary to evaluate

---

[4] *Davis v. Allstate Ins. Co.*, 101 Wis. 2d 1, 7–8, 303 N.W.2d 596, 599 (1981).

[5] *Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 691, 271 N.W.2d 368, 376 (1978).

the claim are properly investigated and developed or recklessly ignored.[6]

To establish the tort of bad faith an objective standard must be met. This standard is met by showing the absence of a reasonable basis for denying the claim, i.e., would a reasonable insurer under the circumstances have denied or delayed payment of the claim under the facts and circumstances.[7]

We agree with the trial court that Dr. Rupsis' report conflicted with James' medical reports. Accordingly, Aetna's action in refusing to continue disability benefits and provide vocational rehabilitation was not arbitrary because these matters were to be settled at the worker's compensation proceeding pursuant to the terms of the release.

Where the confusion lies in this case is in the failure of the trial court's decision to state that James' claims for disability benefits and vocational rehabilitation were fairly debatable. We determine that the trial court's statement that Aetna's action was not arbitrary was simply another way of stating that Aetna's refusal was reasonably based on its knowledge and the claims were fairly debatable. Accordingly, we hold that the trial court was correct in granting summary judgment because James had the worker's compensation proceedings available to him to pursue temporary total disability benefits and vocational rehabilitation and Aetna had not acted in bad faith when it denied James' claims.

*By the Court.*—Judgment affirmed.

---

[6] *Id.*

[7] *Id.* at 692, 271 N.W.2d at 377.