William W. MARQUARDT, Plaintiff-Appellant,

v.

MILWAUKEE COUNTY, The Employees' Retirement System of Milwaukee County and the Pension Board of the Employees' Retirement System of Milwaukee County, Defendants-Respondents.

Court of Appeals

*No. 98–3463. Submitted on briefs February 2, 2000.—Decided March 14, 2000.*

2000 WI App 77

(Also reported in 610 N.W.2d 496.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John R. Hoaglund, Jr.,* of *John R. Hoaglund, Jr., S.C.,* of Pewaukee, Wisconsin.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Mark A. Grady,* principal assistant corporation counsel, of the Office of the Corporation Counsel for Milwaukee County.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

¶ 1. SCHUDSON, J.    William W. Marquardt appeals from the circuit court order affirming the decision of the Pension Board of the Employees' Retirement System of Milwaukee County, and from the supplemental order dismissing his complaint. He argues that the circuit court erred in concluding that MILWAUKEE COUNTY CODE OF GEN. ORDINANCES § 201.24(11.9) (1994)[1] required that the fifteen percent penalty he

---

[1] Subsequent references to MILWAUKEE COUNTY CODE OF GEN. ORDINANCES will be cited as MCC.

received under WIS. STAT. § 102.57 (1997–98)[2] be set off against his disability retirement pension benefits. Marquardt is correct and, therefore, we reverse.

¶ 2. The facts relevant to resolution of this appeal, presented to the circuit court by stipulation, are undisputed. In 1992, Marquardt was employed as a Milwaukee County corrections officer when he was injured as a result of slipping on a wet floor in a storeroom at the House of Correction. For approximately two years following the accident, he received temporary disability benefits from Milwaukee County pursuant to WIS. STAT. ch. 102, the Worker's Compensation Act. Thereafter, he received an accidental disability retirement pension from Milwaukee County.

¶ 3. In addition to these benefits, Marquardt requested increased compensation of fifteen percent under WIS. STAT. § 102.57, alleging that his injury resulted from Milwaukee County's failure to comply with a safety statute. Section 102.57 provides:

> **Violations of safety provisions, penalty.** If injury is caused by the failure of the employer to comply with any statute or any lawful order of the department [of workforce development],[3] compensation and death benefits provided in this chapter shall be increased 15% but the total increase may not exceed $15,000. Failure of an employer reasonably to enforce compliance by employes with that statute or order of the department constitutes fail-

---

[2] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

[3] At the time of Marquardt's litigation, the department was known as the Department of Industry, Labor and Human Relations. Section 102.57 of the Wisconsin Statutes, however, was identical to its current version.

ure by the employer to comply with that statute or order.

(Footnote added.) Following a hearing before the department's worker's compensation division, an administrative law judge concluded that Milwaukee County had committed a safety violation and awarded Marquardt the fifteen percent penalty, ultimately totaling $6,361.62.

¶ 4. Pursuant to its interpretation of MCC § 201.24(11.9), the Board directed that Milwaukee County's pension payments to Marquardt be offset against the worker's compensation payments he received, including the fifteen percent penalty payment. In relevant part, MCC § 201.24(11.9) provides:

> Any amounts which may be paid or payable under the provisions of any state workers' compensation or similar law to a member or to the dependents of a member on account of any disability or death shall be offset against and payable in lieu of any benefits payable out of funds provided by the county under the provisions of this ordinance on account of the same disability or death.

Marquardt agreed that the County was entitled to offset its pension payments against the worker's compensation *benefits* he received, but disagreed that the offset should encompass the fifteen percent *penalty*.

¶ 5. The circuit court concluded that the ordinance drew no distinction "between primary benefits and the 15% increase," and that it unambiguously required the full offset. The court declared, "The language of the ordinance . . . simply requires that *any amounts* paid under worker's compensation law *shall be offset* against disability pension benefits."

¶ 6.  Although neither the Pension Board nor the circuit court accepted Marquardt's position, their rejections of his arguments were expressed with some misgivings. The minutes of the board meeting state that "[t]he Committee generally agreed that the offset in this case was not equitable but the governing Ordinance gives no latitude as to the offset requirements." The chairman of the Pension Board, while accepting the advice of counsel and voting with the 3–2 majority to deny Marquardt's request, termed the situation "bothersome," and added, "I think the guy is getting a screwing." Though more restrained, the circuit court also expressed reservations about rejecting Marquardt's argument, commenting that applying the offset to encompass the fifteen percent penalty "does tend to undermine the effectiveness of the penalty."

¶ 7.  Marquardt argues that the fifteen percent penalty provision and the offset requirement are in conflict, thus creating a legal ambiguity. Contending that we should resolve the ambiguity by liberally construing the worker's compensation law in order to effectuate its purpose, he maintains that the fifteen percent penalty must not be offset lest he, in effect, be the one who ends up paying Milwaukee County's penalty. He points out that if his pension benefits are offset against the penalty through the reduction of his County pension benefit payments, Milwaukee County pays no penalty at all. He convincingly argues that, under those circumstances, the offset would essentially eliminate the penalty, reduce the County's incentive to comply with safety standards, and vitiate the statute's purpose.

¶ 8.  Although we do not embrace Marquardt's premise that the ordinance and statute conflict or render any ambiguity, we agree with his essential

argument. Indeed, we conclude that regardless of whether one views the provisions as unambiguous, or as conflicting and ambiguous, Marquardt's position prevails.

¶ 9.  Because of the somewhat unusual procedural posture of this case, the parties debate whether we are reviewing the decision of the Pension Board or the circuit court.[4] Their debate is academic, however, because, as they agree, in this case, on either basis, our standard of review is *de novo*.

¶ 10.  Generally, the interpretation of a statute or ordinance presents a question of law for our indepen-

---

[4] The Pension Board maintains that "[a]lthough this case comes to this court following a grant of summary judgment based upon stipulated facts, the underlying action is correctly characterized as a writ of certiorari." On appeal, therefore, the Board views Marquardt's argument as one simply challenging whether it "acted according to law." *See Clark v. Waupaca County Bd. of Adjustment*, 186 Wis. 2d 300, 304, 519 N.W.2d 782 (Ct. App. 1994) (review on certiorari limited to "(1) whether the board kept within its jurisdiction; (2) *whether it acted according to law*; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably issue the order or make the determination in question") (emphasis added).

In its written decision and order, the circuit court also treated Marquardt's action as one seeking certiorari review. As Marquardt explains, however, although he commenced his case as an application for writ of certiorari, that first action was dismissed and he subsequently filed a second action seeking, *inter alia*, an order requiring the County's compliance with Wis. Stat. § 102.57. (He sought additional relief as well, but the parties agreed to defer all other matters pending this court's resolution of the offset issue.)

dent review. *See Welter v. City of Milwaukee*, 198 Wis. 2d 636, 643, 543 N.W.2d 815 (Ct. App. 1995). Moreover, where the issue is one of first impression and the agency has had no experience in interpreting the law, we give no weight to the agency's determination. *See Coutts v. Wis. Retirement Bd.*, 209 Wis. 2d 655, 664, 562 N.W.2d 917 (1997). Here, the parties agree that the Pension Board was examining this issue for the first time. Thus, whether focusing on the rationale as articulated by the Board or by the circuit court, our review is *de novo. See id.*

¶ 11. As the supreme court recently wrote, when an appellate court interprets a statute, it "seeks to identify and effectuate the intent of the legislature." *See id.* at 666. The court went on to reiterate: "We begin by considering the words of the statute. If the statutory text is clear and unambiguous on its face, we need not look further. If the language is ambiguous, we will then construe the statute by examining its history, context, subject matter, scope, and object." *Id.* (citation omitted). Further, a statute is ambiguous if its language "may be reasonably understood to have more than one meaning." *Id.*

¶ 12. Ambiguity can be created by the interaction of two statutes even if, standing independently, each would appear to be unambiguous. *See City of Milwaukee v. Kilgore*, 193 Wis. 2d 168, 183, 532 N.W.2d 690 (1995). In some circumstances, despite determining that a statute is unambiguous and being able to conclude a case on that basis, we will extend the analysis in our "quest to identify and give effect to the legislature's intent" by assuming "solely for the sake of the inquiry that the statutory language is ambiguous." *See Coutts*, 209 Wis. 2d at 668.

¶ 13. First, we conclude that both MCC § 201.24(11.9) and WIS. STAT. § 102.57 are clear and unambiguous. They do not conflict; their interaction renders no ambiguity. We further conclude that their clear and unambiguous terms permit no offset of disability pension benefits against the fifteen percent penalty.

¶ 14. Section 102.57 of the Wisconsin Statutes provides for a fifteen percent "penalty," not to. exceed $15,000, as an addition to a worker's compensation award, for an employer's noncompliance with "safety provisions." Neither Marquardt nor the Pension Board claims that the statute, standing alone, is ambiguous. Section 201.24(11.9) of the MCC provides that worker's compensation payments "shall be offset against and payable in lieu of any benefits payable out of funds provided by the county under the provisions of this ordinance on account of the same disability or death." The parties variously argue that the ordinance is ambiguous or, at the very least, that its interaction with the statute renders ambiguity. We disagree.

¶ 15. The ordinance explicitly limits the offset of worker's compensation payments to "benefits . . . on account of the same disability or death." The fifteen percent payment of WIS. STAT. § 102.57, however, is a separately designated "penalty." It is *not* an "amount[ ] which may be paid or payable . . . on account of" an employee's "disability or death." *See* MCC § 201.24(11.9). Rather, the penalty is an additional payment resulting from—"on account of"—an employer's "[v]iolation of safety provisions." *See* WIS. STAT. § 102.57 (boldface omitted). The provisions are not ambiguous; they do not conflict. We read nothing in

301

MCC § 201.24(11.9) to provide or allow for any offset against the penalty in WIS. STAT. § 102.57.

¶ 16. Extending our analysis in our "quest to identify and give effect to the legislature's intent" by assuming "solely for the sake of the inquiry that the statutory language is ambiguous," *see Coutts*, 209 Wis. 2d at 668, we travel an easy road, paved by our supreme court many years ago. In *Daniels v. Industrial Comm'n*, 241 Wis. 649, 6 N.W.2d 640 (1942), the supreme court explained the purpose of WIS. STAT. § 102.57: "The legislative objective is plainly *to put upon the employer* the duty of providing safety appliances of a certain standard and *to penalize those who fail to conform*. It is hoped that such a penalty will promote compliance with the regulations." *Id.* at 651 (emphases added). Obviously, as Marquardt has effectively argued, permitting the offset to encompass the penalty shifts the payment from the employer to the employee, defeating the statute's clear objective.

¶ 17. Though not as definitively detailed by our supreme court, the apparent purpose of MCC § 201.24(11.9) is wholly unrelated to that of WIS. STAT. § 102.57. Marquardt and the Pension Board agree that the ordinance is intended to prevent "double dipping"—receiving both worker's compensation payments and pension plan disability payments for the same injury. *See Coutts*, 209 Wis. 2d at 659, 671–72 (examining a similar offset provision in WIS. STAT. § 40.65, addressing duty disability and death benefits under the public employee trust fund, and the provision's interaction with WIS. STAT. ch. 102, court comments that prevention of "double dipping" is a purpose consistent with the legislative history and intent). The fifteen percent provision, with a $15,000 limit,

requires the employer to pay a penalty to the employee; it does not permit the employee to double dip.

¶ 18.   "[A] statute is not rendered ambiguous merely by virtue of the parties' disagreement over its meaning." *Coutts*, 209 Wis. 2d at 667. Even if, however, we were to conclude that the statute and ordinance, read together, produced an ambiguity, we would have to "harmonize them in a way that will give effect to the legislature's intent in enacting both." *See Byers v. LIRC*, 208 Wis. 2d 388, 395, 561 N.W.2d 678 (1997). Doing so, we conclude that MCC § 201.24(11.9) and WIS. STAT. § 102.57 reflect the legislature's distinct intentions. Allowing the ordinance offset to encompass the statutory penalty would not serve the purpose of the ordinance in any way, but would defeat the purpose of the statute. *See Byers*, 208 Wis. 2d at 400 (where Worker's Compensation Act and a separate statute "address two separate harms[,] [t]he two statutes should be read so that neither statutory scheme frustrates the other's purposes").

*By the Court.*—Orders reversed.