William W. Marquardt, Plaintiff-Appellant,†

v.

Milwaukee County, Milwaukee County Employees
Retirement System, and Milwaukee County Pen-
sion Board, Defendants-Respondents.

Court of Appeals

*No. 01–0267. Submitted on briefs September 4, 2001.—Decided
December 4, 2001.*

2002 WI App 12

(Also reported in 639 N.W.2d 762.)

† Petition to review denied 3-19-02.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John R. Hoaglund, Jr.*, of *John R. Hoaglund, Jr., S.C.*, of Pewaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Mark A. Grady*, principal assistant corporation counsel, of Milwaukee.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

¶ 1. CURLEY, J. William W. Marquardt appeals the trial court's orders denying his request that Milwaukee County (County), the Employees' Retirement System of Milwaukee County (Employees' Retirement System), and the Pension Board of the Employees' Retirement System of Milwaukee County (pension board) pay his attorney's fees. Marquardt incurred substantial attorney's fees in his successful appeal of the pension board's refusal to exempt the 15% increase he receives in worker's compensation benefits from an offset of his worker's compensation benefits against his disability retirement pension benefits as required by County ordinance.[1]

¶ 2. Marquardt presents four different theories for his contention that he is entitled to the payment of his attorney's fees from one or more of the entities listed. He submits that they should pay his attorney's fees because: (1) the pension board and the County engaged in bad faith; (2) under trust law he is entitled to his attorney's fees; (3) the *Weinhagen* [2] rule permits such an award; and (4) in pursuing the matter, he was

---

[1] Marquardt's award is authorized by WIS. STAT. § 102.57 (1997–98) which permits a 15% increase in a worker's compensation award when an "injury is caused by the failure of the employer to comply with any statute." An administrative law judge determined that the injury to Marquardt, a former Milwaukee County correction officer, occurred as a result of Milwaukee County's violation of the safe place statute.

[2] *See generally Weinhagen v. Hayes*, 179 Wis. 62, 190 N.W. 1002 (1922).

acting as a private attorney general. Because Marquardt has failed to prove "bad faith" or a fiduciary breach on behalf of the County or the pension board, he is not entitled to an attorney fee award under his first two theories. Further, the underpinnings for an application of the *Weinhagen* rule or the "private attorney general" doctrine are not present here. Thus, we affirm.

## I. BACKGROUND.

¶ 3. As noted, in an earlier appeal, *Marquardt v. Milwaukee County*, 2000 WI App 77, 234 Wis. 2d 294, 610 N.W.2d 496, Marquardt, who was injured on the job in 1992 when he slipped on a wet floor at the House of Correction, prevailed in his position that the 15% increase in worker's compensation benefits awarded pursuant to Wis. Stat. § 102.57 (1997–98) was exempt from the setoff provisions required by County ordinance. *Id.* at ¶¶ 1–2. After the accident, for approximately two years, Marquardt received temporary disability benefits from Milwaukee County under the Worker's Compensation Act, Wis. Stat. Chapter 102 (1997–98). Marquardt was also awarded a 15% increase in his benefits after an administrative law judge found that Marquardt's injury was caused by Milwaukee County's violation of the safe place statute.

¶ 4. Later, Marquardt applied for and received an accidental disability retirement pension from Milwaukee County. Because MILWAUKEE COUNTY CODE OF GEN. ORDINANCES 201.24(11.9) (1994) required the pension board to offset his worker's compensation benefits against his pension, the board refused to exempt the 15% increase in benefits.[3] MCC 201.24(11.9) (1994) provides:

---

[3] Subsequent references to MILWAUKEE COUNTY CODE OF GEN. ORDINANCES will be cited as MCC.

> Any amounts which may be paid or payable under the provisions of any state worker's compensation or similar law to a member or to the dependents of a member on account of any disability or death shall be offset against and payable in lieu of any benefits payable out of funds provided by the County under the provisions of this ordinance on account of the same disability or death.

Marquardt contended that the pension board improperly offset his 15% increase because the 15% increase was a penalty, not a benefit. The pension board disagreed, and the trial court agreed with the pension board. On appeal, this court reversed the pension board, concluding that the 15% increase in benefits is a penalty imposed on an employer for failing to comply with the safety standards. Thus, we determined that the pension board incorrectly interpreted the county ordinance as requiring an offset of Marquardt's 15% award.

¶ 5. Following that decision, Marquardt was reimbursed the amount improperly offset and the interest on the money due him, and the pension board thereafter exempted the 15% from the setoff provisions. Marquardt then filed a summary judgment motion seeking all his attorney's fees, amounting to approximately $28,000, punitive damages, and costs. The pension board also brought a summary judgment motion seeking dismissal of Marquardt's claims. The trial court granted the pension board's motion, but denied Marquardt's. Marquardt filed a motion for rehearing based on an additional argument that he should be awarded his attorney's fees under the "private attorney general" doctrine. That motion was also denied.

## II. ANALYSIS.

¶ 6. Marquardt contends that the trial court erred in denying his request for the payment of his attorney's fees by the County, the Employees' Retirement System and the pension board.[4]

¶ 7. Marquardt acknowledges the well-established American rule, holding that attorney's fees are normally allowed only when authorized by statute, contract or pursuant to certain limited circumstances. *Stelpflug v. Town Bd.*, 2000 WI 81, ¶ 30, 236 Wis. 2d 275, 612 N.W.2d 700. Nevertheless, he argues that he is entitled to his attorney's fees under four legal theories: (1) The County and the pension board acted in "bad faith"; (2) The pension board is liable under trust law; (3) The *Weinhagen* rule applies to his fact situation; and (4) Marquardt was acting as a private attorney general. "Whether attorney's fees are recoverable, is a question of law that is subject to our *de novo* review." *Community Care Org. v. Evelyn O.*, 214 Wis. 2d 434, 438, 571 N.W.2d 700 (Ct. App. 1997).

---

[4] Marquardt speculates that the County may have taken the legal position it did in the underlying lawsuit because it accrued to its benefit. He also argues that the County attorney held a grudge against him because he prevailed at the worker's compensation hearing. These conclusions are unfounded and we choose not to address them. *Barakat v. DHSS*, 191 Wis. 2d 769, 786, 530 N.W.2d 392 (Ct. App. 1995) (reviewing court need not address "amorphous and insufficiently developed" arguments); *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

A. *The "bad faith" exception to the American rule does not apply.*

■

¶ 8. Marquardt argues that the County's attorney acted in bad faith in advising the pension board to offset all his worker's compensation benefits, including the 15% increase, and the pension board's refusal to exempt his 15% increase in worker's compensation benefits under WIS. STAT. § 102.57 resulted in his being "wantonly or recklessly wronged by the defendants." He contends that the pension board's actions are comparable to those of an insurance company whose actions are motivated by "bad faith" towards its insured. He relies primarily on *DeChant v. Monarch Life Insurance Co.*, 200 Wis. 2d 559, 547 N.W.2d 592 (1996), for support, and also cites several federal ERISA cases. He also argues that the corporation counsel engaged in bad faith in advising the board because he "had a bias to protect the County" and that this attorney had "threatened that the offset would be used against his pension benefits if he prevailed."

■

¶ 9. In *DeChant*, Monarch Life was found to have acted in bad faith when it refused to provide DeChant with benefits he was entitled to under his disability insurance policy. *Id.* at 571. Here, however, *DeChant* is not on point because the trial court found no bad faith. The burden is on the plaintiff to prove some bad faith basis for the award of the attorneys fees. *See DeChant*, 200 Wis. 2d at 568–72 (discussing the award of attorney fees based on the tort of bad faith). Here, the record simply does not allow for, even taking inferences in the light most favorable to the plaintiff, a finding of bad

faith or maliciousness.[5] Although Marquardt claims the trial court's findings are wrong, this court must accept the trial court's findings unless they are clearly erroneous. *See* WIS. STAT. § 805.17(2) (1999–2000). The record supports the trial court's findings and, accordingly, they are not clearly erroneous.

¶ 10. To establish a claim for bad faith, the insured "must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 691, 271 N.W.2d 368 (1978); *see also James v. Aetna Life & Cas. Co.*, 109 Wis. 2d 363, 370, 326 N.W.2d 114 (Ct. App. 1982). In other words, the trier of fact measures the complained of conduct against what a reasonable person or entity would have done under the particular facts and circumstances. Thus, Marquardt must establish that, under the facts and circumstances, a reasonable pension board would not have denied his request to exempt the 15% increase and a different attorney would have counseled the board to accept his argument.

¶ 11. This dispute dealt with the interpretation of a county ordinance. The pension board, while noting its distaste for the ordinance's operation as it affected Marquardt, followed the advice of its legal counsel and refused to exempt the 15% increase in worker's compensation benefits from the setoff. The pension board acted reasonably when it denied Marquardt's request to exempt his 15% increase in benefits from the offset. The

---

[5] Marquardt has presented no argument or support for his request for punitive damages. We therefore deem the issue abandoned. *See State v. Johnson*, 184 Wis. 2d 324, 344, 516 N.W.2d 463 (Ct. App. 1994) ("On appeal, issues raised but not briefed or argued are deemed abandoned.").

board believed, as did its legal counsel, that the ordinance obligated the board to do so. As the trial court noted:

> I can see no basis or facts on which a reasonable finder of fact could find negligence on the part of the pension board. There has been no expert testimony offered nor do I think any is needed on the issue of negligence by the Corporation Counsel's office and no basis in which there could be a finding that simply because they were ultimately wrong in the view of the Court of Appeals that they were, therefore, negligent.

Contrary to Marquardt's belief, being on the losing side of an argument does not automatically translate into acting in "bad faith."

¶ 12. Moreover, "bad faith" is a tort, and in order to recover for "bad faith," the tort must be alleged in the pleadings. *See DeChant*, 200 Wis. 2d at 569. Nowhere in Marquardt's pleadings did he allege that either the pension board or the County committed the tort of "bad faith." A review of his pleadings contains only an allegation that the pension board's action was arbitrary and capricious, and contrary to public policy allegations. These are allegations more clearly related to a certiorari action, and attorney's fees are not recoverable in certiorari actions absent more. *Winkelman v. Town of Delafield*, 2000 WI App 254, ¶¶ 4–5, 239 Wis. 2d 542, 620 N.W.2d 438. Indeed, the words "bad faith" never appear in the pleadings.[6] Thus, for the reasons stated,

---

[6] Marquardt's *ad damnun* clause does request the following: "For exemplary or punitive damages should the finder of the fact determine th[ ]at the actions of the defendants constituted a willful, wanton or wrongful disregard of his rights." No such findings were ever made.

Marquardt is not entitled to the payment of his attorney's fees under this theory.

B. *The pension board did not violate the trust law.*

██

¶ 13. Marquardt next argues that he should be paid his attorney's fees because trust law permits an award of attorney's fees under circumstances similar to those found here. He cites *Matter of Great Northern Iron Ore Properties*, 311 N.W.2d 488 (Minn. 1981), for support. In *Great Northern,* the Minnesota court determined that the attorney's fees for both the trustee and the prevailing beneficiaries were payable from the trust estate, because the litigation resolved a dispute among certain beneficiaries and thus conferred a benefit to the trust. *Id.* at 495. Marquardt extrapolates that the pension board, like the trust found in *Great Northern,* has been conferred a benefit by Marquardt's litigating whether the 15% increase should be exempted from the ordinance's operation. Marquardt insists he performed a service for the pension board by resolving this issue. Further, citing foreign law, he notes that a trust can be ordered to pay the attorney's fees of both the trustee and the beneficiaries when a trustee fails to act impartially. We remain unpersuaded by both arguments.

¶ 14. Again, our examination of the pleadings reveals no cause of action pleading a trust law claim. Nowhere in the pleadings is there an allegation that the pension board breached its fiduciary duty to Marquardt. Nor could there be, as the pension board's ordinance interpretation, while eventually found to be incorrect, was, nevertheless, properly undertaken. Further, *Great Northern* is inapposite. There is no trust involved here like that found in *Great Northern.* Our

dispute revolves around the interpretation of an ordinance and its interplay with a state statute.

¶ 15. Additionally, Marquardt has failed to develop his second argument. In the only Wisconsin case he cited, *Richards v. Barry*, 39 Wis. 2d 437, 159 N.W.2d 660 (1968), the trust paid the parties' attorneys' fees because the trustee could not substantiate his accounts and was found to have been negligent. *Id.* at 444–45. No negligence was proven here. Indeed, the trial court specifically found no negligence on behalf of the county or the pension board. Therefore, we reject Marquardt's second argument as it has been inadequately developed. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

C. *The Weinhagen rule does not apply to the facts presented here.*

¶ 16. Another exception to the American rule's prohibition against attorney fee awards to the opposing party is the judicially-created equitable exception, called the *Weinhagen* rule, following the holding in *Weinhagen v. Hayes*, 179 Wis. 62, 190 N.W. 1002 (1922). This exception permits the award of attorney's fees to an adverse party if the wrongful acts of a defendant have involved a plaintiff in litigation with others, or placed him in such relation with others as to make it necessary for the plaintiff to incur expenses to protect his interest. *Id.* at 65; *see also Meas v. Young*, 142 Wis. 2d 95, 102, 417 N.W.2d 55 (Ct. App. 1987).

¶ 17. Under *Weinhagen*, attorney's fees are recoverable from a wrongdoer only if they were incurred by a party who was forced to litigate with a third party. *See*

*Meas*, 142 Wis. 2d at 104. Marquardt's suit was commenced against the County and its pension board. Marquardt reasons that because corporation counsel acted "wrongfully," he was forced into suit with the pension board. We have already rejected this argument concerning corporation counsel. Further, the County and the pension board's actions never required Marquardt to litigate with a third party. Rather, Marquardt sued the County and the pension board directly because he disagreed with the pension board's interpretation of a Milwaukee County ordinance. Consequently, the *Weinhagen* rule permitting the payment of attorney's fees is inapplicable to our facts.

D. *Marquardt is not entitled to recover his attorney's fees under the private attorney general doctrine.*

¶ 18. Finally, Marquardt claims he was acting under the "private attorney general" doctrine because he was "maintaining the viability of the safety violation penalty of Sec. 102.57." We disagree.

¶ 19. Generally, the "private attorney general" doctrine permits an individual acting to enforce the public's rights to be awarded his or her attorney's fees from the losing party. *See Hartman v. Winnebago County*, 216 Wis. 2d 419, 422, 433 n.8, 574 N.W.2d 222 (1998). Our supreme court first modified the American rule to allow this type of recovery in *Watkins v. LIRC*, 117 Wis. 2d 753, 345 N.W.2d 482 (1984). There, while affirming the American rule's vitality, *id.* at 758, the court held that the Wisconsin Fair Employment Act impliedly authorized an award of attorney fees in matters within its jurisdiction where "a complainant

who files a complaint under the Fair Employment Act is acting as a 'private attorney general' to enforce the rights of the public and to implement public policy. . . ." *Id.* at 764. The supreme court found that the Fair Employment Act implicitly permitted an attorney fee award because the purpose of the Act was to make the victim "whole." *Id.*

¶ 20. The "private attorney general" doctrine was addressed again in a case defining an individual's rights under the Family Medical Leave Act. *See Richland Sch. Dist. v. DILHR*, 166 Wis. 2d 262, 479 N.W.2d 579 (Ct. App. 1991). There, this court held that the claimant was entitled to all his attorney's fees incurred "in the proceedings before the department, on the ch. 227 review in the circuit court and on his appeal." *Id.* at 281. Relying on the *Watkins* rationale, this court concluded that attorney's fees were authorized under the Act for successful representation in the circuit court, *id.* at 285, and in the proceedings before the department, *id.* at 282–83. We also awarded the claimant attorney's fees in his appeal. *Id.* at 287; *see also Sheely v. DHSS*, 150 Wis. 2d 320, 339–40, 442 N.W.2d 1 (1989).

¶ 21. However, in *Kremers-Urban Co. v. Employers Insurance Co.*, 119 Wis. 2d 722, 351 N.W.2d 156 (1984), an argument that a provision of the Uniform Declaratory Judgments Act, Wis. Stat. § 806.04(10), permitted an award of attorneys' fees under a similar theory as that proposed in *Watkins* was rejected. *Id.* at 745–46. The court in *Kremers-Urban* refused to "imply the power to award [attorney] fees from statutes," since the "legislature is presumed to have acted with full knowledge of the general rule that attorney[ ] fees are not recoverable unless expressly authorized by statute." *Id.* at 746. Again, in *Milwaukee Teacher's Educ. Ass'n v. Milwaukee Board of School Directors*, 147 Wis. 2d 791,

433 N.W.2d 669 (Ct. App. 1988), this court refused to affirm the award of attorney's fees by an arbitrator where no statute or arbitration agreement permitted such an award. *Id.* at 797–98.

¶ 22. In rejecting Marquardt's request for the payment of attorney's fees under the "private attorney general" doctrine, the trial court noted that in every case in which the issue of the payment of attorney's fees has been approved, attorney's fees have been authorized in some fashion in the underlying statutory provisions.

> It doesn't appear that Wisconsin Appellate courts have ever addressed this in its most pure form. By that I mean I don't know that there is a case that addresses this in the setting where there is no statutory authority whatsoever for attorneys fees and where the Court applied the doctrine as the sole and exclusive source of the authority for the fees. . . .
>
> . . . I interpret *Watkins* to establish the following standards or criteria for the use of the doctrine.
>
> One is that the underlying suit needs to be one which attempts to enforce certain rights of the public. That case involved enforcement of the Wisconsin Fair Employment Act and specifically involved enforcement of it on a charge of racial discrimination.
>
> Secondly, and this may really be a part of the first rather than a separate requirement, but the language of the case makes clear that the underlying suit needs to be one which attempts to implement public policy which the legislature considered to be of major importance.
>
> . . . .
>
> . . . [This] was not a case where the integrity of Section 102.57 hung in the balance as a matter of public

interest, only a question of how it interacted with ordinances involving a particular pension fund.

. . . .

> . . . I can find no public policy at issue here which could be considered to be of the same level of importance as the Wisconsin Fair Employment Act or one which I can find the legislature has in some way indicated that it has enacted some statutory scheme of major importance. And similarly, I see no counterpart to this lawsuit effectuating some broader legislative purpose.

We agree and adopt the trial court's thoughtful analysis.

¶ 23. In order for Marquardt to prevail on his theory that he was acting as a private attorney general, he was required to show that some statutory basis existed for his request for attorney's fees. Here, there is none. Contrary to Marquardt's contention, this case was not about Marquardt's entitlement to WIS. STAT. § 102.57 benefits. Those rights had already been determined. This case dealt with the interpretation of a county ordinance. No statutes permit the recoupment of attorney's fees for challenging the interpretation of an ordinance. Further, Marquardt was obligated to prove that the right he was enforcing was a public right. The parties disputed the setoff provisions of Marquardt's worker's compensation benefits against his disability pension. No sweeping policy decision affecting a large class of persons was implicated in this litigation. Absent those findings, the American rule requires that each party pay his/her own attorney. As noted in *Kremers-Urban*, 119 Wis. 2d at 746, we must employ the American rule, and departures from the rule are

795

narrowly drawn exceptions.[7] This is not one of them. Thus, we affirm the trial court.

*By the Court.*—Orders affirmed.

¶ 24. SCHUDSON, J. (*dissenting*). Deciding Marquardt's appeal last year, we recognized the legislative objective of Wis. Stat. § 102.57, and how Milwaukee County's denial of Marquardt's claim for the fifteen percent penalty under the statute defeated that objective:

> Extending our analysis in our "quest to identify and give effect to the legislature's intent," . . . we travel an easy road, paved by our supreme court many years ago. In *Daniels v. Industrial Comm'n*, 214 Wis. 2d 649, 6 N.W.2d 640 (1942), the supreme court explained the purpose of Wis. Stat. § 102.57: "The legislative objective is plainly *to put upon the employer* the duty of providing safety appliances of a certain standard and *to penalize those who fail to conform*. It is hoped that such a penalty will promote compliance with the regulations." *Id.* at 651, 6 N.W.2d 640 (emphases added). Obviously, . . . permitting the offset to encompass the penalty shifts the payment from the employer to the employee, defeating the statute's clear objective.

*Marquardt v. Milwaukee County*, 2000 WI App 77, ¶ 16, 234 Wis. 2d 294, 610 N.W.2d 496. Just as obviously, relieving the County of responsibility for Marquardt's attorney's fees also "defeat[s] the statute's clear objective." *See id.* Thus, I conclude that Marquardt's claim for attorney's fees is encompassed by

---

[7] Under the dissent's rationale, any claimant who clarifies a law is acting as a private attorney general. This interpretation distorts the doctrine established in *Watkins*.

the "private attorney general" doctrine declared in *Watkins v. LIRC*, 117 Wis. 2d 753, 764, 345 N.W.2d 482 (1984).

¶ 25. By pursuing his correct claim for the fifteen percent penalty, Marquardt produced appellate clarification of Wis. Stat. § 102.57. *See Marquardt*, 2000 WI App 77 at ¶¶ 3–18. Moreover, by pursuing his claim, Marquardt produced not only the proper application of that statute to his case, but also the statute's meaningful enforcement of a safety statute potentially affecting countless corrections officers and others. *See id.* In the process, he incurred substantial attorney's fees far exceeding his modest recovery. Paraphrasing the supreme court's comments about the plaintiff in *Watkins*:

> [Marquardt] incurred substantial attorney's fees which, if unreimbursed, would place [him] in a significantly worse economic position than when [he] began [his] suit. It would be contrary to the purposes of [Wis. Stat. § 102.57] if the person whose rights have been vindicated ends up in an economically worse position than when he or she started.

*Watkins*, 117 Wis. 2d at 764.

¶ 26. Therefore, under the private attorney general doctrine, Marquardt is entitled to recover the attorney's fees he paid "in order to fully enforce and give meaning to the rights created" by Wis. Stat. § 102.57. *See id.* at 765. Accordingly, I respectfully dissent.