COURT OF APPEALS
DECISION
DATED AND FILED

March 17, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP201**

Cir. Ct. No. 2023CV61

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

GEORGE D. KNAPP AND KELLY M. KNAPP,

PLAINTIFFS-APPELLANTS,

V.

TOWN OF DRUMMOND, A BODY POLITIC,

DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Bayfield County: JOHN P. ANDERSON, Judge. *Affirmed.*

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. George and Kelly Knapp, pro se,[1] appeal a judgment affirming the Town of Drummond's decision to discontinue a public road under the procedures set forth in WIS. STAT. ch. 82 (2023-24).[2] The Knapps argue that the Town applied an improper legal standard in reaching its decision, that the Town's determination was unreasonable based on the evidence, and that the Town did not comply with statutory notice requirements. The Knapps also argue that the circuit court erred by allowing the Town to supplement the certiorari record, and by denying the Knapps' request for a stay pending appeal and for a writ of mandamus. We reject the Knapps' arguments and affirm.

## BACKGROUND

¶2      The Knapps own real property along Zawadski Road, which is a 528-foot-long road in the Town of Drummond. At multiple town board meetings between August 2022 and March 2023, the Town considered and introduced several resolutions to discontinue Zawadski Road. The Town considered discontinuing the road because it was essentially a driveway, serviced only one property, and provided "no other access or thru-route." The Town, however, encountered various issues following the introduction of the resolutions at these meetings, and it never passed them. These issues included: (1) not meeting the appropriate deadlines for the discontinuance process, (2) the town board's doubts over using the discontinuance process after hearing the Knapps' concerns, and (3) concerns regarding proper notice.

---

[1] George Knapp is a licensed Wisconsin attorney.

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

¶3      On April 18, 2023, the Town introduced another resolution to discontinue Zawadski Road.  That resolution included the legal description of Zawadski Road and a map of the road together with the surrounding land that would be affected.  Following the introduction of the resolution, the Town used certified mail to send notice of the public hearing on the resolution to the Secretary of Transportation, the Department of Natural Resources, the Bayfield County Land Conservation Committee, and the Knapps.  The Town also published notices in the Ashland Daily Press on April 25, May 2, and May 9, 2023, stating that the resolution would be heard on June 13, 2023.  On April 21 and May 1, 2023, the Town filed a lis pendens and an amended lis pendens, respectively.

¶4      At the June 13, 2023 public hearing, the Town explained that maintaining Zawadski Road was no longer in the Town's best interest because the road "serviced only one residence," "provided no access to other property or public land," and "[t]he cost to maintain and plow the road exceeded the 'gas tax' revenue received" from vehicle use of the road.  All members of the town board confirmed they had personally visited and viewed Zawadski Road prior to the hearing.

¶5      The Knapps were unable to attend the public hearing, but James DeBruyn appeared on their behalf.  DeBruyn informed the Town that the Knapps had not been served with a notice of the public hearing.  He also asked whether the Town had sent the statutorily required notices and whether the Town had considered the fact that George operated a law business that is accessed by Zawadski Road.  The Town confirmed that it sent notice to the Knapps but that they had refused to accept the letter.  The Town also confirmed that it sent all statutorily required notices.  Finally, the Town acknowledged that George ran a law business located on Zawadski Road.

¶6      Following the public hearing, the Town voted and passed the resolution to discontinue Zawadski Road.   The Town subsequently issued a highway order noting the discontinuance, which it recorded with the Bayfield County Register of Deeds on June 27, 2023.

¶7      On July 12, 2023, the Knapps petitioned for certiorari review of the Town's decision.   In their petition, the Knapps alleged that Zawadski Road had been a public road maintained by the Town "[f]or nearly a century" and that its status as a public road had been important to them when they purchased their property in 1999.   The Knapps also alleged that the Town approved a special use permit for a law office on their property and that the law office continued to be an active business on their property.

¶8      The Knapps' petition sought reversal of the Town's decision to discontinue Zawadski Road because the Town was "without jurisdiction to decide the matter"; the Town "did not apply the proper legal standard"; the Town's decision was "arbitrary, without reason, and was simply the will of the town board members"; and the Town "did not base its decision on evidence because no evidence was ever offered."   The Knapps further sought a stay of the circuit court's ruling if it affirmed the Town's decision.

¶9      The Town filed its answer, in which it denied all of the allegations in the Knapps' petition,[3] and it filed the record regarding the discontinuance of Zawadski Road.  Following a hearing at which the Knapps claimed the record was incomplete, the Town filed a supplemental record.  In a letter to the circuit court,

---

[3] The Knapps incorrectly assert in their brief that the Town did not refute the allegations in their petition.

4

the Town explained that it had mistakenly excluded several town board meeting minutes from the record, and it believed those minutes should be included because the Knapps cited to them in their certiorari petition. The Knapps objected to the supplementation and continued to claim that the record was incomplete but that it was not their "responsibility to continue to coach the [T]own regarding what records it is legally obligated to submit to the Court."

¶10 The circuit court held a hearing to address the issue, and it allowed the Town to supplement the record. Prior to the hearing, the Knapps submitted their brief in support of their petition in which they again moved for a stay of the Town's decision if the court affirmed it and they additionally sought a writ of mandamus ordering the Town to maintain Zawadski Road. At the hearing, the Knapps acknowledged that their brief cited to documents in the supplemental record. The court noted the Knapps' acknowledgement, and it concluded that the additional documents in the supplemental record were necessary for certiorari review. The court informed the Knapps that they could supplement their brief to respond to any new information, but the Knapps declined to do so.

¶11 Following oral argument and additional briefing on the issues, the circuit court issued a written decision affirming the Town's decision to discontinue Zawadski Road. The court also denied the Knapps' request for a stay of its decision, explaining that a stay would simply stop the enforcement of the

court's order and not the Town's decision. The Knapps appeal. Additional facts will be provided below as necessary.[4]

## DISCUSSION

¶12 On appeal from a circuit court's decision in a certiorari action, we review the municipal body's decision—here, the Town's decision—and not that of the circuit court. *Fassett v. City of Brookfield*, 2022 WI App 22, ¶16, 402 Wis. 2d 265, 975 N.W.2d 300. Our review of the Town's decision is limited to: (1) whether the Town acted within its jurisdiction; (2) whether the Town proceeded according to the law; (3) whether the Town "acted in an arbitrary, oppressive, or unreasonable manner that represented its will and not its judgment"; and (4) whether "the order or determination was reasonable as based on the evidence." *Id.* Our review affords the Town's decision a presumption of correctness and validity. *Ottman v. Town of Primrose*, 2011 WI 18, ¶48, 332 Wis. 2d 3, 796 N.W.2d 411.

¶13 Because several of the Knapps' arguments have to do with the Town's failure to follow the appropriate procedures for discontinuing a town road, we begin with a brief review of the procedure a town must follow to discontinue a road pursuant to WIS. STAT. ch. 82. We then address the Knapps' arguments that the Town did not act within its jurisdiction, that it did not proceed according to the

---

[4] The parties' briefs do not comply with WIS. STAT. RULE 809.19(8)(bm), which requires briefs to "have page numbers centered in the bottom margin using Arabic numerals with sequential numbering starting at '1' on the cover." Our supreme court has explained that this pagination requirement "will match the page number to the page header applied by the eFiling system, avoiding the confusion of having two different page numbers." S. CT. ORDER 20-07, 2021 WI 37, 397 Wis. 2d xiii (eff. July 1, 2021). We admonish both parties that we expect them to follow our Rules of Appellate Procedure.

law, and that it did not provide a rational basis for its decision based on the evidence. Finally, we address two issues with the circuit court's decision that the Knapps raise, which are unrelated to the Town's decision and outside the scope of our certiorari review.

¶14 A town board may initiate the process to discontinue a road by introducing a resolution that contains "[a] legal description of the highway to be discontinued"[5] and "[a] scale map of the land that would be affected by the resolution." WIS. STAT. § 82.10(2)(a)-(b). Upon introducing the resolution, the town board must provide notice of the hearing to consider the resolution through publication of a class 3 notice under WIS. STAT. ch. 985. Sec. 82.10(3), (4)(a). The town board must also provide notice by registered mail to certain parties at least 30 days before the hearing. Sec. 82.10(4)(a). These parties include "owners of record of all lands abutting the highway." Sec. 82.10(4)(a)2. The town board is also required to file a lis pendens within ten days of introducing the resolution. Sec. 82.10(5).

¶15 The town board must make a determination on the resolution within 90 days after introducing it. WIS. STAT. § 82.12(1). Before making this determination, the town supervisors must "personally examine the highway" that is the subject of the resolution. WIS. STAT. § 82.11(1). The town board must also "be satisfied, by affidavit of the applicant or otherwise, that the notices in [WIS. STAT. §] 82.10(4) have been given." Sec. 82.11(1). At the time of the hearing, the town board must "decide, in its discretion, whether granting

---

[5] A "[h]ighway" includes "all public ways and thoroughfares and all bridges upon the same." WIS. STAT. § 990.01(12).

7

the … resolution is in the public interest." ***Id.*** If the town board decides to pass the resolution to discontinue the road, it must issue a highway order, which must be recorded with the register of deeds for the county in which the road is located. Sec. 82.12(2).

¶16 The Knapps argue that the Town applied an improper standard of law when it decided that discontinuing Zawadski Road was in the Town's best interest rather than the public interest. The Knapps also contend that the Town's reasons for discontinuing the road do "not relate to anything that could be associated with what is in the public interest." The majority of the Knapps' arguments are critical of the circuit court's analysis and decision affirming the Town's decision, and they seek reversal on these bases. For example, they fault the court for "merely recit[ing] [the Town's] unsupported declarations [and] finding they were sufficient to support the [T]own's action," and they argue that the court ignored the law, given its "dismissive view of [the] statutory language." As noted above, however, our review is of the Town's decision and not the circuit court's.

¶17 In any event, we conclude that the Town applied the proper legal standard when determining that discontinuing Zawadski Road was in the Town's best interest and that it provided rational reasons for doing so. Simply because the Town stated that discontinuing the road was in the Town's best interest rather than "in the public interest," *see* WIS. STAT. § 82.11(1), does not mean that the Town applied an improper legal standard. The statute does not require the Town to state, verbatim, that its decision is in "the public interest." The Town need only show that it made such a determination.

¶18 Indeed, the statute requires the Town to "hold a public hearing to decide, in its discretion, whether granting the … resolution is in the public interest." *See id.* The Town plainly did so here, and its stated reasons for discontinuing Zawadski Road satisfy the statutory standard. That is, discontinuing Zawadski Road was in the public interest because the road "serviced only one residence," it "provided no access to other property or public land," and "[t]he cost to maintain and plow the road exceeded the 'gas tax' revenue received" from vehicle use of the road.

¶19 Furthermore, and contrary to the Knapps' contentions, the Town's reasons for discontinuing Zawadski Road are rational, not arbitrary and illogical, and those reasons are supported by the record. A municipality's decision is "arbitrary or capricious if it is without a rational basis." *Town of Hudson v. Hudson Town Bd. of Adjustment*, 158 Wis. 2d 263, 276, 461 N.W.2d 827 (Ct. App. 1990). When determining whether a municipality had a rational basis to make its decision, "we look to see whether there is any reasonable view of the evidence to support that determination." *Id.* at 277.

¶20 The Town considered the above three reasons for discontinuing Zawadski Road at multiple town board meetings, and, taken together, those reasons explain why it was not in the public interest to continue to pay to maintain a 528-foot road that essentially served as a driveway for only one residential property. As the Town notes, "[W]hy should Bayfield County taxpayers pay for the maintenance and snow plowing of Zawadski Road when in reality it serves as the Knapps' driveway?" Further, the Town continues, the road services no other driveways or public land, and "[t]he cost to maintain and plow it outweighs the money it generates." The Town need not further explain what "has changed … now" with the road to validly discontinue it despite its alleged

100-year existence, contrary to the Knapps' argument. What matters is that the reasons the Town provided to discontinue the road are rational, sufficient to satisfy the statutory standard, and supported by a reasonable view of the evidence.

¶21 The Knapps next argue that the Town did not act within its jurisdiction because it did not provide them with the proper statutory notice of the June 13, 2023 public hearing. Their argument, however, is unclear because they concede that the Town proceeded to discontinue Zawadski Road pursuant to WIS. STAT. ch. 82 and that receiving notice by certified mail was acceptable under those statutory provisions. Nevertheless, the Knapps argue that the Town should have instead provided notice pursuant to WIS. STAT. § 66.1003 and that neither the Town nor the circuit court addressed why the Town did not proceed under that statute.

¶22 We conclude that the Town acted within its jurisdiction because it provided proper notice to the Knapps under WIS. STAT. § 82.10(4), the specific statutory provision at issue. Pursuant to that statute, the Town must, "at least 30 days before the hearing, give notice by registered mail" to the following parties: (1) "owners of record of lands through which the highway may pass"; (2) "owners of record of all lands abutting the highway"; (3) "[t]he department of natural resources"; (4) "[t]he county land conservation committee"; (5) "[t]he secretary of transportation, if the highway that is the subject of the … resolution is located within one-quarter mile of a state trunk highway or connecting highway"; and (6) "[t]he commissioner of railroads, if there is a railroad highway crossing, within the portion of the highway that is the subject of the … resolution." Sec. 82.10(4)(a)1.-6.

¶23   Here, the Town provided proper notice by certified mail to the Knapps, the Secretary of Transportation, the Bayfield County Land Conservation Committee, and the Department of Natural Resources.  Although WIS. STAT. § 82.10(4)(a) requires registered mail, WIS. STAT. § 990.001(13) allows for the use of certified mail if a statute "do[es] not require a return receipt of the addressee only" and "if a sender's receipt is obtained from the postal authorities and return receipt is requested."  Here, § 82.10(4)(a) requires the use of registered mail, but it does not require a return receipt of the addressee only.  Thus, the Town properly used certified mail, as shown by the Town's sender's receipts with requests for a return receipt in the record.

¶24   The Knapps concede that "they received a form in their mailbox suggesting that a letter should be picked up and a signature rendered at the post office," but they argue that it was not their "duty to accommodate or assist the [T]own in accomplishing proper service of notice by driving six miles to town and signing for a letter as commanded especially when the [T]own had another statutory option, that is, WIS. STAT. § 66.1003."  This argument merely begs the question at issue.  That the Knapps refused to pick up their mail does not mean that the Town failed to provide proper notice.  And, the fact that the Town could have acted under WIS. STAT. ch. 66 is irrelevant, given that the Town proceeded under WIS. STAT. ch. 82.  Therefore, neither the Town nor the circuit court was required to address whether the Town provided proper notice under ch. 66, and there is no error related to proper notice of the June 13, 2023 public hearing.

¶25   Finally, the Knapps raise two issues with the circuit court's actions that are unrelated to the Town's decision.  The first issue that the Knapps raise is the Town's "manipulation" of the record, which they contend the court allowed by permitting the Town to supplement the record after it had already provided a

11

certified record. The Knapps also argue that the court did not consider portions of the record that they provided to the court. They further contend that the Town "omitted a significant part of the record which would have favored the Knapps" and that "[t]his action, knowingly ratified by the [c]ircuit [c]ourt, should not be allowed to stand on appeal."

¶26 We conclude that the circuit court did not err by allowing the Town to supplement the record. The court clearly explained that the additional documents in the supplemental record, which included the town board meeting minutes, were necessary for its certiorari review and that the Knapps had cited to those documents in their already-submitted brief. In addition, the Town simply sought to provide the court with a complete record for its certiorari review once the Knapps pointed out that the record was incomplete. The court even offered the Knapps an opportunity to supplement their brief to respond to any new information in the supplemental record, but the Knapps refused.

¶27 Furthermore, there is no evidence that the Town omitted "a significant part of the record." It appears that the evidence the Knapps believe is missing is information from two affidavits that they filed in their certiorari action in the circuit court. The first affidavit, filed on July 20, 2023, is an unsigned and undated affidavit regarding the costs of plowing Zawadski Road and recounting a discussion as to those costs at a December 13, 2022 town board meeting. The second affidavit, filed on November 27, 2023, is a signed affidavit dated March 5, 2023, providing George's recollection of the December 13, 2022 meeting.

¶28 In one of their briefs to the circuit court, the Knapps alleged that they provided the affidavit regarding costs to the Town at a March 13, 2023 hearing, but then they alleged in a subsequent brief that they "hand delivered" this

affidavit to each of the town board members and the town clerk at a December 6, 2022 hearing. They similarly allege on appeal that they "personally presented" this affidavit to each board member and the town clerk at a town board meeting, and they argue that "[t]his information, which should have been a part of the record, was selectively excluded."

¶29 In its written decision affirming the Town's decision, the circuit court concluded that these "after-the-fact documents or recollections of statements made by [town] board members" in the Knapps' affidavits were "not part of the record the Court must review" because "nowhere in the record is there an indication that [the Knapps'] contravening evidence was presented to the town board for the record." The record supports the court's conclusion.

¶30 Both of the Knapps' affidavits refer to the December 13, 2022 town board meeting at which the Town considered a prior resolution to discontinue Zawadski Road, but the Town noted that various timelines for that process had passed and a new resolution was needed to restart the process. Also at that meeting, the Knapps asked "why this was being done," stated that they "would file a writ of certiorari with the circuit court if the board proceeded with the discontinuance of Zawadski R[oad]," and stated that the Town used the incorrect process to discontinue the road. The Town discussed the Knapps' concerns and agreed not to proceed with another resolution until it "could be certain all procedures had been followed correctly." Nothing in the meeting minutes from that date shows that the Knapps presented the Town with the affidavit regarding costs. Thus, the circuit court did not err by concluding that the information in the affidavits was not part of the certiorari record.

¶31 Other than the information in the affidavits, the Knapps do not identify any other document that they believe is missing from the record, and they do not explain how the missing information would have affected the Town's decision. In their reply brief, the Knapps argue that there is no transcript of the June 13, 2023 public hearing and that the record contains "only the minutes kept by, and controlled by, the [T]own." Again, the Knapps fail to explain what information from the hearing is missing from the minutes that would be provided by the transcript, and they fail to explain how that information would have affected the Town's decision or the circuit court's review of the Town's decision.

¶32 The second issue that the Knapps raise is the circuit court's alleged error by denying their request for a stay of the Town's decision pending appeal and, relatedly, the court's failure to address their request for a writ of mandamus. As to the stay pending appeal, we agree with the circuit court and the Town that there was nothing for the court to stay, given that the Town's decision to discontinue Zawadski Road occurred on June 13, 2023, before the Knapps commenced certiorari proceedings. As the court noted, a stay of its order pending appeal would simply stop enforcement of the court's order affirming the Town's decision, not the Town's decision to discontinue the road. For the same reasons, there was no need for the court to address the request for a writ of mandamus, given that the Town no longer had a legal duty to maintain Zawadski Road by the time the Knapps sought the writ. *See State ex rel. Greer v. Stahowiak*, 2005 WI App 219, ¶6, 287 Wis. 2d 795, 706 N.W.2d 161 (explaining that a writ of

mandamus is used to compel public officers to perform a duty they are legally bound to perform).[6]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] The Knapps also seek attorney fees in the amount of $35,000, but attorney fees are not recoverable in certiorari actions. *See Marquardt v. Milwaukee County*, 2002 WI App 12, ¶12, 249 Wis. 2d 780, 639 N.W.2d 762 (2001). In addition, among other potential problems with their request, they made no such request for fees in the circuit court, and they have not prevailed in this litigation.