**John R. TALMAGE d/b/a Talmage Auto Center, Plaintiff,**

v.

**Charles B. HARRIS, Doar, Drill & Skow, S.C. and CNA Insurance Company, Defendants.**

No. 03–C–658–C.

United States District Court, W.D. Wisconsin.

Jan. 31, 2005.

Harry E. Van Camp, Madison, WI, for Plaintiff.

Terry E. Johnson, Peterson, Johnson & Murray, S.C., Milwaukee, WI, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil action for legal malpractice brought by John Talmage against his former attorney, Charles Harris, and Harris's law firm, Doar, Drill & Skow, S.C. Plaintiff contends that defendants Harris and Doar negligently failed to pursue plaintiff's claim against United Fire & Casualty Company for the intentional tort of bad faith. Plaintiff has named two experts in this case: Russell Bohach, an attorney, who is to testify on liability regarding both United Fire's alleged bad faith and Harris's and Doar's alleged legal malpractice; and Dennis Kleinheinz, a certified public accountant, who is to testify concerning the amount of damages plaintiff sustained as a result of defendants' malpractice.

Defendants have moved to exclude plaintiff's expert testimony. They argue that Bohach does not meet the criteria for serving as an expert witness set forth in Fed. R.Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). As for Kleinheinz, defendants make two arguments in favor of exclusion. First, they contend that he should not be allowed to testify because he has failed to establish that defendants' alleged inactions were the cause of plaintiff's alleged damages. Second, they challenge the methodology he

used in arriving at the damages amounts in the various categories.

Both of defendants' motions will be denied. Having considered the arguments and submissions from both sides, I am satisfied that Bohach possesses sufficient expertise and knowledge to allow him to testify as an expert regarding the reasonableness of United Fire's handling of plaintiff's fire loss claim and whether defendants were negligent in their representation of plaintiff. As for Kleinheinz, defendants' arguments go not to the admissibility of Kleinheinz's opinions but to their weight and credibility, matters that must be determined by the trier of fact.

## ALLEGATIONS OF FACT

On April 3, 1995, a fire caused a substantial amount of property damage at plaintiff's business, plaintiff Auto Center. At the time of the fire, United Fire & Casualty Company was plaintiff's insurance carrier. On April 4, 1995, plaintiff notified United Fire of his loss. United Fire then assigned an adjustor named John Holt to adjust plaintiff's fire claim losses. Holt told plaintiff that Holt had no experience adjusting claims similar to the losses sustained at plaintiff's business.

Over the course of the next year, plaintiff negotiated directly with Holt and United Fire regarding his fire loss. However, he was unable to resolve all of his property loss claims successfully on his own. Accordingly, on May 28, 1996, plaintiff retained defendant Charles B. Harris, a lawyer practicing with Doar, Drill & Skow, S.C.

At the initial consultation, defendant Harris informed plaintiff that he believed plaintiff had both a fire loss claim and a bad faith claim against United Fire. Plaintiff retained defendants Harris and Doar to represent him on both potential claims.

After efforts to negotiate a settlement with United Fire proved unsuccessful, defendant Harris prepared and filed a summons and complaint on plaintiff's behalf against United Fire in the Circuit Court for St. Croix County. The complaint alleged two causes of action: 1) bad faith; and 2) breach of contract and failure to arbitrate in good faith. The complaint was served on United Fire on April 10, 1997.

While the lawsuit was pending, United Fire and plaintiff agreed to submit to an appraisal proceeding to attempt to resolve their dispute. In late July of 1998, an appraisal award was issued pursuant to the appraisal provision of the insurance policy in the sum of $114,000 in addition to previous amounts paid, less $30,000 for related employee-loss claims. Defendant Harris advised plaintiff that the appraisal award related to the contract claims only and did not affect plaintiff's bad faith claim against United Fire. Defendant Harris then attempted to negotiate a release involving the contract claim only, reserving the right for plaintiff to pursue a bad faith claim.

Attorneys for United Fire thereafter prepared Mutual Releases for signature by plaintiff and a United Fire representative. Defendant Harris advised plaintiff to sign the Mutual Release because it would resolve the contract claim and Harris would still be able to pursue the United Fire bad faith claim on plaintiff's behalf. On or about September 10, 1998, defendant Harris signed a stipulation authorizing the St. Croix County circuit court to dismiss plaintiff's lawsuit against United Fire on the merits and with prejudice. Pursuant to the parties' retainer agreement, defendant Harris received 20 percent of the proceeds as attorney fees, plus costs. Defendant Harris assured plaintiff that neither the signing of the Mutual Release nor the dismissal of the lawsuit against United Fire would adversely affect his bad faith claim against United Fire.

Throughout his representation of plaintiff, defendant Harris advised plaintiff that he had a viable bad faith claim against United Fire and that the claim was worth a lot of money. Defendant Harris advised plaintiff that he need not be so concerned about the amount United Fire paid on his fire loss contract claims because they would get a better result through the bad faith claim. In September 1998, defendant Harris advised plaintiff that the contract dispute with United Fire was completed and that he would pursue the bad faith claim. Plaintiff believed that defendants Harris and Doar were pursuing his bad faith claim against United Fire after the contract matter was concluded.

Plaintiff called defendant Harris at Doar on numerous occasions between September 1998 and November 2000 to obtain information regarding the status of his bad faith claim against United Fire. In a telephone conversation on November 21, 2000, defendant Harris informed plaintiff for the first time that defendants were not willing to pursue the bad faith claim. A few days later, plaintiff received a letter from defendant Harris stating that he and one of the other attorneys at Doar did not believe that pursuing the bad faith claim would have a good enough potential for recovery to justify the expense and effort that would be involved in the case.

Defendant Harris returned plaintiff's file with the November 21, 2000 letter. The two-year statute of limitations in the State of Wisconsin for the intentional tort of bad faith had expired by the time defendant Harris informed plaintiff on November 21, 2000 that defendants would not be pursuing the bad faith claim on plaintiff's behalf. Plaintiff filed this lawsuit alleging that defendant Harris was negligent for failing to pursue a bad faith claim within the two-year statute of limitations period and for not notifying him that the statute would run before it expired.

## PLAINTIFF'S EXPERTS

### I. *RUSSELL BOHACH*

Plaintiff retained Russell Bohach as an expert witness on liability. Bohach is a lawyer in private practice in Milwaukee. At his deposition, Bohach testified that since opening his own law office in January 2000, his practice has consisted primarily of plaintiffs' personal injury, family and criminal law. Before opening his own law firm, Bohach practiced for 20 years at the Brennan and Collins law firm, where he practiced in the same areas and performed defense work for insurance companies. Bohach's work as an insurance defense attorney included adjusting claims. Bohach has never represented a claimant who was pursuing a claim against an insurer for a fire loss and making a claim under the insurance policy. He has never defended an insurance company against a claim by its insured for coverage arising out of a fire loss. On one occasion, he defended an insurance company in litigation against a claim of bad faith, and he has represented defendants charged with arson crimes.

Bohach has been retained by a plaintiff as an expert in another fire loss case involving a claim of bad faith against the insurer. In the past, he has testified as an expert in several cases concerning effective representation in criminal cases. He has done so in court and in administrative proceedings before the state Office of Lawyer Regulation.

Bohach has been a joint presenter on the topic of "Bad Faith Litigation in Wisconsin" at seminars sponsored by the National Business Institute in 1996, 1998, 2000 and 2003. Bohach prepared materials in connection with the seminars. His co-presenter presented information concerning the handling of fire loss claims. Bohach testified that his three-to-four hour

portion of the seminar covered "the types of things that I've dealt with," which included "personal injury claims, defense of insurance companies on bad faith, talking with adjusters, talking with claims managers; behind the claims, in terms of how to avoid bad faith, things like that."

Bohach has experienced personally the process of adjusting a fire loss claim, having pursued a claim against his insurance company for losses sustained during a fire at his law firm on May 14, 2001.

In a report dated October 5, 2004, Bohach set forth the five expert opinions he intends to offer at trial:

1. That John·plaintiff has an actionable bad faith claim against United Fire and Casualty Company, based upon their failure to conduct a timely, and reasonable, investigation and evaluation of the claim, which led to a wrongful delay in payments to its insured.

2. That John plaintiff's bad faith claim against United Fire and Casualty Company existed during the period of time that Mr. plaintiff was represented by Attorney Charles Harris.

3. That Attorney Charles Harris entered into a contract with John plaintiff in which he agreed to represent Mr. plaintiff with respect to his claim for money owed under the policy of insurance, and to pursue a bad faith claim against the insurance company, for its wrongful delay in payment.

4. That at the time Attorney Charles Harris terminated his representation of John plaintiff, the statute of limitations with respect to any bad faith claim had expired.

5. That Attorney Charles Harris was negligent in his representation of John plaintiff, for failing to either file a lawsuit alleging bad faith within the appropriate statute of limitations, or terminate his representation at a point in time which would not have materially affected the rights of Mr. plaintiff to file such a lawsuit.

## II. DENNIS KLEINHEINZ

Plaintiff retained Dennis Kleinheinz, a certified public accountant, as an expert to testify regarding the amount of economic damages sustained by plaintiff as a result of defendants' alleged malpractice. Kleinheinz prepared a report in which he determined that plaintiff's economic losses totaled $471,417. He found that plaintiff had sustained damages in the following amounts and categories: 1) $141,036 for fire losses that plaintiff did not recover in his settlement with United Fire: 2) $179,310 in interest on fire-related debts; 3) $118,439 for the loss incurred on the sale of plaintiff's business; and 4) $32,632 in legal expenses. In preparing his report, Kleinheinz assumed that plaintiff's losses in the above categories were attributable to defendants' alleged inactions. In other words, Kleinheinz assumed that causation was present and limited his analysis to a calculation of the damage amount.

## OPINION

### I. BACKGROUND

■ To prevail on his legal malpractice claim, plaintiff must prove duty, breach, causation and damages, including:

1. The existence of an attorney-client relationship;

2. Negligence on the part of counsel;

3. A causal link between the negligence and the plaintiff's damages; and

4. The fact and extent of damages.

*Lewandowski v. Continental Casualty Co.,* 88 Wis.2d 271, 276 N.W.2d 284, 287 (1979). To establish causation and damages in a legal malpractice action, a plaintiff must

prove that "but for" the attorney's negligence, the plaintiff would have prevailed on the underlying litigation. *Harris v. Bowe,* 178 Wis.2d 862, 868, 505 N.W.2d 159 (Ct.App.1993). Practically speaking, this requires the plaintiff to prove a case-within-a-case, that is, that he would have prevailed on the merits of the underlying litigation. *Lewandowski,* 88 Wis.2d at 277, 276 N.W.2d at 287.

The underlying case-within-a-case that plaintiff must prove in this legal malpractice action is that he would have succeeded in recovering damages against United Fire for the intentional tort of bad faith. To establish that United Fire acted in bad faith, plaintiff must prove 1) the absence of a reasonable basis for denying benefits of the policy and 2) the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim. *Anderson v. Continental Ins. Co.,* 85 Wis.2d 675, 691, 271 N.W.2d 368, 376 (1978). To prove the absence of a reasonable basis for denying benefits under the policy, plaintiff must show that a reasonable insurer would not have denied or delayed payment of the claim under the circumstances. *James v. Aetna Life and Casualty Co.,* 109 Wis.2d 363, 370, 326 N.W.2d 114, 117 (1982). In Wisconsin, expert testimony is not required to establish what a reasonable insurer would have done under the circumstances, but it is permitted if the witness testifying is qualified and the testimony will help the trier of fact to understand the evidence or determine a fact in issue. *Weiss v. United Fire & Casualty Co.,* 197 Wis.2d 365, 381, 541 N.W.2d 753 (1995). Generally, expert testimony is required only when the plaintiff's bad faith claim "implicate[s] complex industry practices or procedures" outside the common knowledge and ordinary experience of an average juror. *DeChant v. Monarch Life Ins. Co.,* 200 Wis.2d 559, 579, 547 N.W.2d 592, 600 (1996).

## II. *BOHACH TESTIMONY*

At trial, Bohach intends to offer the opinion that United Fire did not have a reasonable basis for delaying payment of plaintiff's fire loss claim. Defendants contend that Bohach lacks the knowledge, skill, experience, training or education to offer this opinion. They argue that Bohach does not have any specialized knowledge, education or training regarding the insurance claims process in general, much less claims involving fire loss, having never worked as an adjustor at an insurance company. Plaintiff responds by asserting that Bohach is qualified to offer an opinion regarding the reasonableness of United Fire's handling of plaintiff's claim because: 1) Bohach has been a presenter at four seminars on the topic of bad faith for the National Business Institute; 2) he is currently hired to testify as an expert in another bad faith case involving a fire loss; 3) he has done insurance defense work for 20 years, which included working on approximately a half-dozen fire loss cases; 4) he has testified as an expert for the Office of Lawyer Regulation regarding competent representation of clients; and 5) he had a fire at his own law firm.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 583, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Supreme Court held that Fed.R.Evid. 702 imposes a special obligation upon a trial judge to "ensure that any and all scientific testimony ... is not only relevant, but reliable." In *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), the Supreme Court extended *Daubert,* holding that the trial judge's gatekeeping obligation " applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge."

■ Courts in the Seventh Circuit employ a two-step inquiry for evaluating the admissibility of expert testimony under Fed.R.Evid. 702. *See Ancho v. Pentek,* 157 F.3d 512, 515 (7th Cir.1998) (citing *Wintz v. Northrop Corp.,* 110 F.3d 508, 512 (7th Cir.1997)). First, the court must decide "whether the expert's testimony pertains to scientific knowledge" and "must rule out subjective belief or unsupported speculation." *Id.* (citing *Porter v. Whitehall Lab.,* 9 F.3d 607, 614 (7th Cir.1993)). Second, the court needs to determine "whether the evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact in issue." *Ancho,* 157 F.3d at 515. Regarding this second inquiry, "[a]n expert's opinion is helpful only to the extent the expert draws on some special skill, knowledge, or experience to formulate that opinion; the opinion must be an *expert* opinion (that is, an opinion informed by the witness' expertise) rather than simply an opinion broached by a purported expert." *Id.* at 518 (quoting *United States v. Benson,* 941 F.2d 598, 604 (7th Cir.1991)). "Because an expert's qualifications bear upon whether he can offer special knowledge to the jury, the *Daubert* framework permits-indeed, encourages-a district judge to consider the qualifications of a witness." *United States v. Vitek Supply Corp.,* 144 F.3d 476, 486 (7th Cir.1998).

■ Having considered the arguments of both parties, I conclude that Bohach is sufficiently qualified to offer an opinion regarding the reasonableness of United Fire's handling of plaintiff's claim. Bohach is a lawyer with substantial experience in insurance law. Although he does not specialize in fire loss claims, he has special knowledge of the insurance claims adjustment process in general as a result of his 20 years' experience as a lawyer defending insurance companies against claims by policy holders. In addition, Bohach has spoken on the topic of bad faith at legal seminars and has prepared materials in connection with those seminars. Although it would have been helpful had plaintiff submitted more specific evidence concerning the information presented and prepared by Bohach at the seminars, it is reasonable to infer that a lawyer who is requested repeatedly to be a speaker at a "bad faith" legal seminar possess significantly more knowledge about that topic than the average person or even the average lawyer.

I am not persuaded by defendants' contention that Bohach must be an "expert fire loss adjuster" in order to offer an opinion on the reasonableness of United Fire's actions with respect to plaintiff's fire loss. Defendants have made no showing that the circumstances surrounding plaintiff's fire loss claim were so unique that only a "fire loss expert" can testify as to what was reasonable conduct by the insurer with respect to adjusting that claim. The essence of plaintiff's bad faith claim is that United Fire unreasonably denied his claim by assigning an inexperienced adjustor who did little to obtain the information necessary to adjust the claim. This does not appear to be a claim that involves evidence concerning complex industry practices or procedures. If it were, or should it appear later to be so, then I would agree that Bohach does not appear to be qualified to offer expert testimony concerning such practices. However, given the non-technical nature of plaintiff's allegations, I am satisfied that Bohach has enough experience with insurance claims and knowledge of the law of bad faith in Wisconsin to make his opinion regarding the viability of plaintiff's bad faith claim admissible under *Daubert.*

I am persuaded also that Bohach is qualified to testify that defendants were negligent in failing to pursue a bad faith claim against United Fire on plaintiff's

behalf. I disagree with defendants' contention that in order to testify as an expert regarding their handling of plaintiff's bad faith claim, Bohach would have to be a "specialist" in the area of bringing bad faith claims against insurance companies. Bohach is qualified to offer opinions concerning defendants' knowledge that plaintiff's bad faith claim had a two-year statute of limitations, their improper advice that he should sign the Mutual Release and their failure to inform him that they were terminating his representation before the applicable statute of limitations expired. These are matters upon which Bohach is qualified to testify because of his career as a lawyer with 25 years' experience in handling civil claims for plaintiffs and in both prosecuting and defending against claims brought against insurance companies. Moreover, Bohach's experience as a regular speaker on the topic of bad faith litigation shows that he has special knowledge in this area.

Accordingly, defendants' motion to limit the testimony of Bohach will be denied.

### III. *KLEINHEINZ TESTIMONY*

Defendants ask this court for an order prohibiting Kleinheinz from testifying at trial that plaintiff sustained the following categories of damages, as set forth in Kleinheinz's report: 1) the net fire loss; 2) the interest expense; and 3) the loss on the sale of his business. Defendants' motion to exclude Kleinheinz's testimony does not rest on *Daubert*. Defendants argue primarily that Kleinheinz's opinion regarding the various categories of damages plaintiff sustained should be excluded because of insufficient proof that those damages were caused by defendants' alleged negligence. For example, defendants argue that plaintiff cannot recover damages for the loss of the sale of his business because plaintiff's deposition testimony shows that he sold his business for reasons unrelated to his

alleged inability to recover promptly and fully for the losses he sustained in the fire.

Defendants' arguments amount to a challenge to the adequacy of plaintiff's proof of causation. However, Kleinheinz does not purport to offer an opinion as to causation. If it were not clear from his report that his damages calculations were premised upon the assumption that plaintiff will be able to prove causation at trial, it became clear at Kleinheinz's deposition. Defense counsel asked:

> Have you reached an opinion that, for example, failure to commence and pursue the bad faith claim caused Mr. plaintiff to be unable to collect his full loss from the fire, or have you just determined that Mr. plaintiff did not collect his full loss from the fire and it will be for someone else by some other means to establish whether there is or isn't a causal connection between the failure to start the bad faith claim and the fact he didn't recover his loss?

Kleinheinz replied: "I think the latter." Dep. of Dennis Kleinheinz, dkt. #26, at 16–17.

Thus, defendants' arguments are not so much an attack on Kleinheinz's opinion as they are an attack on plaintiff's ability to prove the underlying assumptions on which Kleinheinz's opinion rests. Although this might have been a basis on which defendants could have brought a motion for summary judgment and might be a basis for moving for a directed verdict at trial, it is not a proper basis for excluding Kleinheinz's testimony now. Granting defendants' motion would amount to deciding an element of plaintiff's claim without allowing plaintiff to put on his case.

■ Alternatively, defendants attack the methods by which Kleinheinz computed the damages sustained by plaintiff in the various categories. Among other things, defendants challenge Kleinheinz's

assumption that the ratio of labor costs to materials was approximately 33 percent and his use of "book value" as opposed to fair market value to determine the value of plaintiff's business at the time it was sold. Again, however, a motion in limine is not the proper context in which to raise such arguments. Although defendants' attacks on Kleinheinz's assumptions and computations appear to have merit, such arguments go to the weight and credibility of Kleinheinz's opinions, not their admissibility. The issues raised by defendants' motion are for the jury to resolve.

### ORDER

IT IS ORDERED that:

1. The motion of defendants to exclude the testimony of Russell Bohach is DENIED;

and

2. The motion of defendants to exclude the testimony of Dennis Kleinheinz is DENIED.